In the matter of John J. Passage et al., v. The Board of School Inspectors of the Township of Williamstown.

*Meetings of School Inspectors: Notice: Adjournment.* Ten days notice of the meetings of the Boards of School Inspectors must be given: (§*2,334 Comp. L.*, amended by § 16, *Laws of 1867, p. 78–9*), and the notice must state the object of the meeting. No business inconsistent with the notice is lawful.

Whether any adjournment is lawful except from day to day to conclude current business, *query*.

*Heard October 22. Decided October 26.*

Certiorari: To the Board of School Inspectors of the Township of Williamstown to review their proceedings relative to ·the re-organization of certain school districts.

*Longyear & Seager*, for relators.

*Dart & Wiley*, for respondents.

CAMPBELL J.

The certiorari in this case brings up the proceedings of the respondents, whereby they re-organized certain school districts.

The complaint is based on alleged irregularities, in not giving legal notice of their meetings, and in adjourning the meeting for a week, the business being done at the adjourned meeting.

Notice was duly given of a meeting to be held January 30, 1869, but at what hour is not mentioned in the notice, for the specific purpose of forming a new district out of certain lands named, none of which belonged to the relators. On January 30, the Board met and changed the boundaries of two districts, not including in the change any of the lands mentioned in the notice. The Board then adjourned until February 6, on which day nine school districts were re-organized, and the lands of the relators,

which were all in the Ninth district, were thrown into other and different districts.

The respondents claim they were not bound to give notice of their meetings, and that they have plenary power in in the premises. We think this is not so. By the law as it stood prior to the enactment of the statute creating County Superintendents, it was provided by Section 91, of the Primary School law, that whenever the Board met for the purpose of altering school districts, they should cause the like notice to be given as was required for meetings to examine teachers.—*1 Comp. L.* § *2,334.* This clearly required the notice to show the object of the meeting. The statute just referred to repealed the laws requiring teachers to be examined by the Board, and it became necessary, therefore, to amend Section 91, which was done by providing that the "Township clerk shall give at least ten days public notice of any meeting of the Board,. by posting such notice in three public places in the township."—*L. 1867, p. 79.* This was the same notice previously required, and no change was made in its character. The repeal of other sections had made this new enactment necessary to supply the omission.

The notice actually given was inconsistent with the business done at both meetings, and no one reading it could have supposed the Board would have attempted any such proceeding as is shown by their return. Relators could not, if they had seen the notice, have anticipated any action which could have affected their interests.

It may be doubted whether under the statute any adjournment except from day to day, to conclude current business is lawful. But without deciding the question we are satisfied that no business inconsistent with the notice could lawfully be done at either meeting.

The proceedings of the Board in re-organizing the districts were unlawful and must be quashed.

The other Justices concurred.