JAMES W. COULTER, WILLIAM LOWER AND ROSS THURSTON v. THE BOARD OF SCHOOL INSPECTORS OF THE TOWN-SHIPS OF GRANT AND ARTHUR.

| | |
|---|---|
| 59 | 391 |
| 63 | 613 |
| 59 | 391 |
| 73 | 46 |
| 59 | 391 |
| 102 | 635 |

| | |
|---|---|
| 59 | 391 |
| 104 | 519 |

*School inspectors' notice of meeting to alter boundaries of district—Proof of posting, essential to the validity of their action—Also consent of owners of lands to be detached, if taxed within three years for building a school-house.*

1. The statutory requirement [Session Laws of 1883, page 77] for notice of the meeting of a township board of school inspectors to alter the boundaries of a school-district, is jurisdictional, and proof of posting such notice should be filed with the clerk of the board, before any action is taken.

2. In the absence of the consent of the owners of lands which have been taxed for building a school-house, within three years last preceding the date of their proposed transfer to another district, such transfer is illegal; and the fact that the detached territory was not at the same time attached to another district will not legalize such transfer. How. Stat. sec. 5041.

Certiorari. Argued January 12, 1886. Decided January 27, 1886. Proceedings quashed.

*C. W. Perry*, for relators:

The posting of the statutory notice required by act 82, Session Laws of 1883, § 8, is jurisdictional and the boards of inspectors have no authority to act until proof of such posting is made before them or filed so as to become a part of the record. No such proof was made in this case: *Passage v. Inspectors of Williamstown*, 19 Mich. 330; *Andrews v. Inspectors of Williamstown*, Ib. 332; *Prescott v. Patter-*

*son*, 44 Mich. 525. Where land has been taxed for building a school-house, within three years last preceding the time action is sought to be taken, the consent of the owner of such land is a condition precedent to its transfer to another district. How. Stat. § 5041.

No appearance for respondents.

CHAMPLIN, J. Fractional school-district No. 7, of Grant, was organized on June 7, 1882, and comprised the territory embraced in sections 23, 24, 25, 26 and 36, in the township of Grant, and sections 19, 29, 30 and 31, in what was then the township of Sheridan. In 1884, the township of Arthur was organized, which embraces that portion of the fractional school-district which lay in the township of Sheridan. At the time of the organization of the township of Arthur, no change was made in the boundaries of the school-district, but it continued to perform the functions of a school-district until August 8, 1885.

Plaintiffs are owners of real estate in that part of the fractional district lying in the township of Arthur, and, as such owners, were taxed for the purpose of building a school-house in said fractional district in each of the years, 1882, 1883 and 1884.

The board of inspectors of the townships of Grant and Arthur met in joint meeting on the eighth day of August, 1885, and detached the territory in Arthur township that was embraced in school-district No. 7, with the exception of the north half of the southwest quarter of section 31, belonging to William Anderson. This action of the joint boards is alleged to be illegal and void for the following reasons:

*First.* Because the said boards of school inspectors had no jurisdiction to act in the matter of the division of said fractional school-district No. 7 of Grant, without the consent of a majority of the resident tax-payers of said district, and that in so dividing said district they acted in excess of their jurisdiction, and in violation of law.

*Second.* Because the said boards of school inspectors acted in excess of their authority and in violation of law, in setting off the lands of relators from said fractional school-district No. 7, of Grant, into another district, within three years after

the same had been taxed for the purpose of building a school-house in said fractional district, without the consent of the owners thereof.

*Third.* Because the action of said boards of school inspectors, in dividing said fractional school-district No. 7, of Grant, and in setting off the lands of relators therefrom, and in altering the boundaries of said district at their said meeting of August 8, 1885, without proof of the posting of a notice of such meeting at three public places in the said townships of Grant and Arthur, was without authority of law; and said boards had no jurisdiction to act in regard to the same without such proof, and such action was therefore without jurisdiction, and void.

*Fourth.* Because said board of school inspectors of Arthur acted without jurisdiction, and in excess of their jurisdiction, according to law, in organizing said school-district No. 1, in said township of Arthur, at their said meeting of August 28, 1885, from territory so set off and detached from said fractional school-district No. 7, of Grant, including the said lands of relators, without the consent of the owners thereof, within three years after the same had been taxed for the purpose of building a school-house therein.

The township boards of school inspectors have made return to the writ issued in this case, from which it appears that the following is the notice of the joint meeting held in August, 1885, viz.:

" Notice is hereby given that a joint meeting of the boards of school inspectors of Grant and Arthur townships will meet, August 11th, at the clerk's office of Grant, at 10 o'clock A. M., for the purpose of considering the question of detaching the territory of Arthur township that is in fractional school-district No. 7 of Grant.

Geo. W. Smith, Clerk of Grant Township.<br>C. W. Pierson, Clerk of Arthur Township.

*Dated this twenty-seventh day of July,* 1885."

They return also that the meeting was held on the eighth day of August, 1885, and that no evidence was before them of posting the notices, but they return " that a notice of the meeting to be held by said boards of inspectors on said eighth day of August, 1885, was duly posted at three public places in the townships of Grant and Arthur within the legal time, but that no sworn proof of such posting was had before said joint meeting."

It will be perceived that this notice was for a meeting of the boards, jointly, on the eleventh of August, and it so appears in the return on file, and the meeting at which the action was had was on the eighth day of August. So far as appears from the return, no notice of a meeting on the eighth day of August was ever given.

The notice of the meeting was jurisdictional, and should have been given as required by law, and, before the boards were authorized to act, proof of the posting, in time and place specified in the statute, should have been filed with the clerk of the joint board: *Dupont v. Highway Com'rs*, 28 Mich. 362; *People v. Highway Com'rs*, 14 Mich. 528; *Passage v. Inspectors of Williamstown Tp.* 19 Mich. 330; *Prescott v. Patterson*, 44 Mich. 525.

But an equally serious objection is, that the boards had no authority to detach this territory where the lands therein had been taxed for building a school-house, within three years, without the consent of the owners. The lands so detached had been assessed and taxed for building a school-house in fractional district No. 7, within three years, and the action of the boards was without the consent of these tax-payers and against their written remonstrance. Nor does it render such action legal, that the territory detached was not at the same time attached to another district. It was done with the object that such detached territory should be either erected into a new district or attached thereto, and the return of the township board of inspectors of Arthur shows that a new district, embracing the detached territory, was erected into a new school-district on the twenty-eighth of August, 1885.

The action of the joint boards may have been for the best interests of all concerned, as claimed in the return of the board of inspectors of Arthur, but this question cannot be considered. We are satisfied that their action was contrary to law, and must be altogether set aside, quashed, and held for naught.

The other Justices concurred.