MARY GOSS v. THE HIGHWAY COMMISSIONER OF THE TOWN-
SHIP OF WESTPHALIA.

*Discontinuance of highway—Notice of proceedings—Proof of service—Subsequent filing of affidavit.*

1. Where the discontinuance of a highway leaves the way to a land-owner's house a *cul de sac,* he is directly interested in the proceedings, and entitled to notice.

2. Where a highway commissioner acted and made his order to discontinue a highway without proof of the required statutory notice,—

   *Held,* that such proof was a *condition precedent* to action by the commissioner, the statutory requirement therefor being *jurisdictional.*

   *Held,* further, that filing an affidavit of such service two days *after* making the order did not render the proceedings valid.[1]

Certiorari to highway commissioner. Argued November 4, 1886. Proceedings reversed November 11, 1886. The facts are stated in the opinion.

*Clarence Cole,* for petitioner.

CHAMPLIN, J. The record of the proceedings of the highway commissioner of the township of Westphalia, Clinton county, is brought before us by *certiorari,* wherein he discontinued "the east one-half of the highway in said township known as the quarter-section highway, running east and west through the center of section thirty-two, from the quarter post on the east side of said section thirty-two to the center post of said section."

The errors alleged in the affidavit for *certiorari* are the following :

---

[1] See *Barlow v. Highway Commissioner of Oscoda,* 59 Mich. 443; *Brazee v. Raymond,* Id. 548.

"1. Because Mary Goss was not served, either personally or by posting, with any notice of the time and place when the commissioner of highways would meet the parties in interest, and determine the necessity for taking up said highway; nor was any such notice left at her premises at any time, with the occupant thereof, or any one else.

"2. Because notice should have been posted up in said township of Westphalia at least ten days before the meeting for determination as aforesaid, and no notice whatever was posted.

"3. Because no affidavit of service of notice, as required by section 1299 of Howell's Annotated Statutes, was made by any person, or attached to said notice."

A diagram which accompanies the affidavit for *certiorari* shows that section 32 is surrounded by highways, and that a highway runs east and west on the quarter line of the section; that Mary Goss owns the E. ½ of the N. W. ¼, and 20 acres off of the N. end of the E. ½ of the S. W. ¼, of the section. Her buildings face upon this quarter-line road, so that discontinuing the east half of the road through the section leaves the way to her house a *cul de sac*. Under these circumstances, she was directly interested in the proceedings taken to discontinue the road, and was entitled to notice. *Phillips v. Highway Commissioner*, 35 Mich. 15.

The return does not show any notice to have been served upon Mary Goss.

It appears from the return that the commissioner acted and made his order of discontinuance without any proof before him that notice had been given to any one, or in any manner. His order discontinuing the road bears date April 28, 1886.

On the thirtieth of April, 1886, a paper purporting to be an affidavit, and to have been subscribed and sworn to that day, was filed with the deputy township clerk, showing service upon three persons. This notice, though insufficient in several respects, had it been good, was not a compliance with the statute requiring that, upon service of notice, and

63 MICH.—39.

before any further proceedings shall be had, an affidavit be made and annexed to the notice, or a copy thereof, showing the time and manner of service. These requirements are jurisdictional, and cannot be performed, or omission supplied, *ex post facto.*

The proceedings must be quashed, and it is so ordered.

The other Justices concurred.