FRACTIONAL SCHOOL DISTRICT NUMBER 3 OF MARTIN ET AL. v. THE BOARDS OF SCHOOL INSPECTORS OF MARTIN, WAYLAND, AND WATSON, ET AL.

*Altering boundaries of school district—Proof of posting notices.*

The statutory requirement (How. Stat. § 5040) for notice of the meeting of a township board of school inspectors to alter the boundaries of a district is jurisdictional, and until such notice has been given, and proof of posting made, as required by law, the inspectors have no power to act. *Coulter v. School Inspectors of Grant*, 59 Mich. 394.

---

[1]See *Manning v. Bresnahan*, 63 Mich. 584 (head-note 4).
[2]How. Stat. § 7687.

Certiorari to boards of school inspectors. Argued November 4, 1886. Decided November 11, 1886. Proceedings quashed. The facts are stated in the opinion.

*Pope & Hart* (*W. B. Williams,* of counsel), for petitioners.
*Padgham & Padgham,* for respondents.

SHERWOOD, J. The petitioners in this case bring *certiorari* to review the proceedings of the joint boards of school inspectors of the towns of Watson, Wayland, and Martin, in Allegan county, had at a meeting of said boards held April 26, 1886, for the purpose of forming a new school district out of territory embraced in school district No. 8 of the township of Wayland, and fractional school district No. 3 of Martin and Watson.

District No. 8 of Wayland, before the change attempted, was all in Wayland, and district No. 3 was composed of territory mostly in Martin, but a small portion was in Watson. It was the intention of the inspectors, at their meeting on the twenty-sixth of April, to form a new fractional district out of territory lying in No. 3 and No. 8, aforesaid. The records of this meeting, and its doings, are contained in the record in this case.

It is claimed the action of these boards was void for the following reasons:

" 1. No notice was actually given of the meeting, as required by law.

" 2. There was no proof of the posting and giving of the notices of this meeting, required by law, before the joint boards, at their meeting of April 26, 1886.

" 3. The boards of school inspectors made no record of the formation of a school district sufficient to constitute a new district."

I think we must hold these objections well taken. The statute (How. Stat. § 5040) requires, before taking the action had in this case, the clerks of the several townships interested to give at least ten days' notice of the time and

place of meeting of the inspectors, and of the alterations proposed, by posting such notice in three public places in each township, one of which shall be posted in each of the districts that may be affected.

The record shows no notice given as required by the statute. A copy of the notice pretended to have been posted nowhere appears in the record; and the affidavits made, relied upon to show the posting, were not made until the twenty-seventh day of July, 1886, three months after the meeting was held, and more than twenty days after the writ in this case was issued.[1] If these affidavits could be regarded as showing the posting of proper notices, still the proceedings, as shown by the return, would be unauthorized, as they show but one notice posted in the township of Wayland.

Important interests are not unfrequently committed by the statute to these local boards, and in their action, if not carefully taken and considered in this class of cases, they may create greater expense and inconvenience than they seek to remove. It is therefore of the utmost importance that all persons to be affected by their action should have an opportunity to be heard before it is taken. It is for this purpose that the statute has provided for ample notice to be given of the time, place, and object of the inspectors' meeting, and, until the notices provided for have all been given and posted as required, the inspectors have no power to act. The notice is jurisdictional.

This Court held in *Coulter v. School Inspectors of Grant*, 59 Mich. 394, that—

" The notice of the meeting was jurisdictional, and should have been given as required by law; and, before the boards were authorized to act, proof of the posting, in time and place specified in the statute, should have been filed with the clerk of the joint board."

We adhere to these views, and which are decisive of this case.

---

[1] See *Goss v. Highway Commissioner of Westphalia*, 63 Mich. 608.

The following cases will also be found to have a bearing upon the case as presented by the record: *People v. Highway Commissioners of Nankin,* 14 Mich. 531; *McCaslin v. Camp,* 26 Id. 390; *Dupont v. Highway Commissioners of Hamtramck,* 28 Id. 363; *Passage v. School Inspectors of Williamstown,* 19 Id. 330; *Prescott v. Patterson,* 44 Id. 525.

The action of the boards of school inspectors of the townships of Martin, Wayland, and Watson, in this case, must be set aside, and the proceedings had therein quashed.

The other Justices concurred.