ANDREW GENTLE, ASSESSOR, ETC., v. THE BOARD OF
SCHOOL INSPECTORS OF THE TOWNSHIP OF
COLFAX.

*Schools and school-districts—Erection of new district—Petition—
Notice—Jurisdiction of inspectors.*

1. The *right* of a board of school inspectors to set off a new school-
district does not depend upon a petition for such action on
their part.

2. The requirement of How. Stat. § 5040, that ten full days' notice
be given of a meeting of the board of school inspectors to alter
the boundaries of a school-district, is jurisdictional, and where
not given the filing of the consent of a majority of the resi-

dent tax-payers of the districts affected by the alteration, to the formation of the new district, will not validate such action. *School-dist. v. Boards of School Inspectors,* 63 Mich. 611.

*Certiorari* to review the proceedings of a board of school inspectors in organizing a school-district. Argued October 19, 1888. Proceedings quashed November 28, 1888. The facts are stated in the opinion.

*Sawyer & Bishop,* for petitioner.

*D. E. McIntyre,* for respondents.

[The points of counsel and authorities are stated in the opinion.—REPORTER.]

LONG, J. This is a *certiorari* to the board of school inspectors of the township of Colfax, Wexford county, and to the clerk of said board, in the matter of their proceedings in setting off a new school-district in said town, to be called "School-district No. 8."

The petitioner alleges that he is assessor of school-district No. 3, and that said school-district has heretofore been composed of sections 1, 2, and 3; the E. ½ of the E. ½ of section 4; the E. ½ of the E. ½ of section 9; all of sections 10, 11, and 12; the W. ½ of the N. W. ¼ of section 14; and the entire N. ½, and the N. ½ of the S. ½, of section 15; that no question of the legality of such school-district has ever been raised.

That on December 10, 1887, the board of school inspectors of said township met and proceeded to form a new school-district out of the territory formerly comprised in said district No. 3, and one other school-district numbered 2, and then and there pretended to form a new school-district, to be known as "District No. 8," composed of sections 3, 4, 9, and 10; the N. ½, and the N. ½ of the S. ½, of section 15; the E. ½ of the N. E. ¼, and the N. E. ¼ of the S. E. ¼, of section 16.

That said board then ordered that said new school-district should elect its officers on December 20, 1887; that in pursuance of the action of said board of school inspectors certain parties assembled on said day, and pretended to elect school officers for said new district, and who now claim to hold such offices; that by the action of said board of school inspectors said district No. 3 will be deprived of a large amount of money, necessary to maintain the school therein during the present year.

The petitioner then alleges that the action of the board of school inspectors is illegal for the following reasons:

"1. That no petition or application, signed by a majority of the resident tax-payers of said districts numbered 2 and 3, was ever presented to said board requesting such action.

"2. That no consent from a majority of the resident tax-payers of said school-districts, or either of them, has ever been obtained by said board of school inspectors for a division of said district.

"3. That no notice such as the law prescribes was ever posted in the districts to be affected by the action of said board."

The board of school inspectors make return to the writ, and allege that on December 10, 1887, they organized the new school-district No. 8, and that it is composed of the territory taken from districts Nos. 2 and 3, and by consent of a majority of the resident tax-payers in said districts. The return then states:

"This will appear by Exhibits two and three, hereto attached, which exhibits are true copies of the files and records now in the office of the clerk of the board of school inspectors of said township of Colfax; and we do certify and return that the persons whose names are attached to said Exhibits two and three are resident tax-payers of said school-districts, respectively, and a majority thereof.

"We do further certify and return that Exhibit four

is a true copy of the original petition filed with respondents, and that Exhibits two and three were considered therewith.

"We do further certify and return 'that on the 21st day of November, 1887, a notice, of which Exhibit No. 5, attached, is a true copy, was posted in the most public places in each of the said school-districts two and three, and also in the territory proposed to be erected.

"We do further certify and return that the certificate of L. W. Gates, township clerk, was before said board of school inspectors, showing the posting of one notice each in the school-districts to be affected by the change, and also one notice in the territory proposed to be erected into a new district, as appears by Exhibit No. 6 annexed.

"We do further certify and return that after the organization of school-district No. 8, to wit, on December 20, 1887, the voters of district No. 8 met and elected officers of said school-district, and that such election was held prior to the service of the writ of *certiorari* in this cause.

"We do further certify and return that at a meeting of the voters of said school-district No. 8, held on the 14th day of January, 1888, and prior to the serving of the writ of *certiorari* in this cause, a resolution was passed authorizing the purchase of one acre of land for a school-house site in said district, and a further resolution was passed, authorizing the issuing of the bonds of said school-district for one year for the sum of $300, as appears by Exhibit 8 attached; and that ever since the 20th day of December, 1887, said school-district has exercised the franchises of a school-district under the laws of the State of Michigan."

The first and second allegations of error may be considered together. Section 5041, How. Stat., provides:

"The inspectors may, in their discretion, detach the property of any person or persons from one district and attach it to another, except that no land which has been taxed for building a school-house shall be set off into another school-district for the period of three years thereafter, except by the consent of the owner thereof, and no district shall be divided into two or more districts without the consent of a majority of the resident tax-payers of said district, and no two or more districts can be con-

solidated without the consent of a majority of the resident tax-payers of each district."

The first objection made to the proceedings is that the petition is not signed by a majority of the resident tax-payers of said districts 2 and 3. This objection has no force. The statute does not require that the board of inspectors shall proceed only when a petition shall be presented. Section 5040 confers upon the board the right to act, and provides:

"Whenever the board of school inspectors shall contemplate an alteration of the boundaries of a district, the township clerk * * * shall give at least ten days' notice of the time and place of the meeting of the inspectors, and the alteration proposed, by posting such notice in three public places in the township or townships, one of which notices shall be in each of the districts that may be affected by such alteration."

It appears, however, that a petition was presented to the board, dated November 7, 1887, signed by 13 legal voters of district No. 3, as appears by their consent afterwards filed with the board. On November 12 a remonstrance was filed with the board, signed by 17 legal voters of school-district No. 3. On November 21 the board took action upon the petition, and caused a notice to be posted, as required by section 5040, *supra*, fixing the place of meeting of the board, and the time as of November 30, and on December 10, to which day said meeting was adjourned, they set off the territory from the two districts, and erected district No. 8, and on the same day caused a notice to be served upon the taxable inhabitants of the new district, as provided by law, fixing the boundaries of such district, and describing the territory contained therein. On December 11 both of the districts 2 and 3 filed with the board their consent in writing to the formation of district No. 8, signed by a

majority of the legal voters of each district, as appears by the exhibits presented on this record.

The objection is that such consent filed by each of those districts does not state that the parties are a majority of the resident tax-payers of such district, and they are therefore not in compliance with the statute. The return made by the board of school inspectors, however, states that these persons are a majority of the resident tax-payers of these districts. This return is conclusive.

It is also objected that no legal notice was given of the meeting of the board of school inspectors to form such new district, and no proof of such notice was before the board at the time of its meeting. The notice was dated November 21, 1887, and posted on the same day, for a meeting of the board, to be held on November 30, at 1 o'clock P. M. This would not give the full 10 days required by section 5040 of the statute; but after such meeting was held, and district No. 8 erected, each of the districts Nos. 2 and 3 consented to the action of the board in the formation of the new district, and filed such consent in writing, with the board, signed, as returned by the board, by a majority of the resident tax-payers of each district.

It is contended by counsel for the respondents that, a majority of the resident tax-payers of the two districts having filed their consent in writing to the formation of the new district, and approving the action of the board of inspectors, it constitutes a waiver of any irregularity in the proceedings, and in giving the notice required by the statute.

The object of this notice is to enable parties, whose interest may be affected, to be heard before any action is taken, and such persons are entitled to 10 full days' notice of the time and place of the meeting. It will not do to say that, because a majority of the resident tax-

payers have consented to the action taken by the board upon a notice fixing the time and place of meeting, which falls short of the statutory requirements, that the minority have no right to complain. The minority had a right to be heard before the board, and had a right to the full 10 days' notice to appear. The notice of the meeting was jurisdictional, and should have been given, as required by law, for at least 10 full days before the day of meeting, and proof made of the posting in time and place specified in the statute. *Passage v. Inspectors,* 19 Mich. 330; *Prescott v. Patterson.* 44 Id. 525 (7 N. W. Rep. 237); *Coulter v. Inspectors,* 59 Id. 391 (26 N. W. Rep. 649).

It appears, also, that the notice designated sections 3, 4, 9, and 10 as all the land to be placed in the new school-district, while the order made on December 10, at the formal meeting of the board, placed a large amount of other lands in the new district, some portions of which were not theretofore contained in either of the school-districts 2 and 3, and no notice was posted in the district out of which this was taken. This same question arose in *Passage v. Inspectors, supra,* and such proceedings were held bad. This is not alleged as error in the affidavit upon which the writ issued, and therefore need not be noticed here.

Some claim is made by counsel for respondents that petitioner having delayed taking his writ till January 9, 1888, and not serving it until January 17, after the organization of the new district was complete, the case should be ruled by *Parman v. Inspectors,* 49 Mich. 63 (12 N. W. Rep. 910). But in that case it was held that the objections against the proceedings did not appear to be jurisdictional, but seemed to fall under the head of irregularities. Here the notice was jurisdictional, and the time to be stated therein fixed by the statute.

The action of the board of school inspectors must be set aside, quashed, and held for naught. Petitioner will recover his costs.

The other Justices concurred.