THE PEOPLE, EX REL. PETER ROESER ET AL., v. OWEN GARTLAND, MODERATOR, ET AL.

*Schools and school districts—Territorial limits of district—Election of officers—Quo warranto.*

1. The writ of *quo warranto* is a proper remedy where not only the existence of a school district, but the title of its officers, is attacked, these questions being judicial in their nature, and not within the jurisdiction of the township board.

2. How. Stat. § 5033, limiting school districts to nine sections of land, means an *acreage* equal to nine full sections according to the United States survey.

3. The provisions of law relative to the election of school-district officers by *ballot* are mandatory.

4. Where school-district officers were unanimously chosen by a *viva voce* vote at a meeting regularly called, and qualified and were acting as such at the time of the institution of *quo warranto* proceedings in the interest of the public, no other persons claiming to have been elected, the Court reversed a judgment of ouster and dismissed the writ.

Error to Menominee. (Grant, J.) Argued June 5, 1889. Decided June 7, 1889.

Information in the nature of a *quo warranto* to test the title of school-district officers. Respondents bring error. Judgment of ouster reversed, and writ dismissed. The facts are stated in the opinion.

*A. C. Cook,* prosecuting attorney (*Phillips & Thompson,* of counsel), for relators.

*R. C. Flannigan,* for respondents.

CHAMPLIN, J. An information in the nature of *quo warranto* was filed against the respondents, requiring them to show by what authority school district No. 3, of Ingallston, in the county of Menominee, exercises the franchises of a school district, and the respondents held, used, and exercised the offices of the district respectively.

The school district in question is bounded on one side by Green bay, and by reason of the meandering nature of the shores of the same the sectional territory bound by it is largely fractional. The residents of the district are for the most part fishermen. They all reside on the shores of the bay, and on the fractional sections.

The district was formed by the board of school inspectors about April 12, 1888, and, as formed, contains five full and eight fractional sections of land, aggregating 5,707 acres, or 53 acres less than what is represented by nine sections of land.

Subsequent to the formation of the district, the clerk of the board of inspectors drew up and delivered to the respondent Louis Garbosky, an inhabitant of the district, the notice required by How. Stat. § 5034, describing its boundaries, and fixing the house of the respondent Robert Beattie as the place, and the fifth day of May, 1888, as the time, for holding the first district meeting therein; which notice was served in due time and form upon every qualified voter in

the district. At the time and place appointed for the first district meeting every qualified voter in the district appeared and participated, with one exception, the exception being the relator Peter Roeser. At this meeting, and by the vote of every qualified voter thereat, the respondents were elected to the offices which they now hold, and thereupon accepted and qualified. The vote, however, by which they were so elected, was *viva voce*, and not by ballot.

The notice drawn up by the clerk of the board of school inspectors, and delivered to Louis Garbosky, was not recorded by the clerk, nor was it or the return of service thereon recorded by the director as required by section 5034. The notice, with the return of service thereof, was present at the meeting, and in the hands of the chairman thereof, and was by him delivered to the director elected thereat, as required by law. The director pinned it in the record-book of the district, but afterwards removed it therefrom, and handed it to the supervisor of the township, who lost it.

January 21, 1889, the information in this cause was exhibited and filed.

The record presents three general questions:

1. May the relators proceed in this form, instead of by appeal to the township board?
2. Was the district lawfully formed?
3. If lawfully formed, was it lawfully organized?

1. We think the writ of *quo warranto* a proper remedy under the facts and circumstances of this case. The relators attack, not only the existence of the school district, but the right of the persons named to exercise the offices of moderator, assessor, and director. These are questions which the township board could not deal with, being judicial in their nature.

2. We think the prohibition of the statute relative to the territory which may be included by the inspectors in the formation of a new district, refers to the extent of the territory

and was intended to allow them to include a quantity of land not exceeding nine full sections.[1] The object of the statute is to allow the inspectors to embrace within the district sufficient land upon which taxes may be laid to support schools, build school-houses, and defray the ordinary expenses, without being burdensome to the tax-payer; and also to bring the remotest residents of the district within such proximity to the school-house as to enable their children to attend the school.

Now, in the case before us, the eight fractional sections contain only 2,507 acres of land, and if another full section were added there would be 3,147 acres in the district; while in a district composed of nine full sections there would be 5,760 acres. It may very well happen that if the inspectors must be confined to the eight fractional and one full section in marking the boundaries, the district so formed may not contain territory to enable the district to build a school-house or support a school without greatly and unjustly overburdening the tax-payers in the district.

Upon consideration of the whole subject, we construe the statute to authorize the inspectors to include in a school district contiguous territory not exceeding nine full sections of land according to the United States survey.

We think the school district was legally laid out and established by the board of school inspectors.

3. The provisions of law relative to the election of school-district officers by ballot are mandatory, and must be observed The respondents were not legally elected to the offices they assume to hold and exercise. It does not, however, follow that they should be ousted from their offices. There are no persons who claim to have been elected to these offices. The writ in this case is invoked, not in the interest of any private person, but in the interests of the public, and for public purposes. We should therefore exercise or refuse to exercise our

---

[1] How. Stat. § 5033.

power over the writ and proceedings in such manner as shall best promote the public interests.

These officers were chosen unanimously *viva voce* at a meeting regularly called. They have qualified and are acting as such. They are officers *de facto,* and the public interest requires that they should not be disturbed.

We think that the judgment of the circuit court should be wholly reversed, and the writ dismissed. No costs will be allowed to either party.

The other Justices concurred.