THE CENTRAL SCHOOL SUPPLY HOUSE v. SCHOOL-DISTRICT No. 3 OF THE TOWNSHIP OF MONTAGUE.

*Schools and school-districts—Purchase of supplies—Validity of order—Special meeting—Petition—Notice—Evidence.*

1. A purchase by school-district officers of "Yaggy's Geographical Chart" can only be made so as to charge the school-district when authorized by a vote of the qualified electors thereof, lawfully assembled; citing How. Stat. § 5073, subd. 6.[1]

2. In order to establish a legal school meeting under How. Stat. § 5047, which provides that it shall be the duty of any member of the district board to call a special school meeting on the written request of not less than five legal voters of the district, the evidence must show that a legal petition was presented, and a legal notice of the meeting given.

3. Proof that a legal notice was given will not show that a legal petition was presented, nor can such latter fact be established by evidence of the admission of the director, who signed the notice, that he received such a petition.

Error to Muskegon. (Dickerman, J.) Argued March 8, 1894. Decided March 20, 1894.

*Assumpsit.* Plaintiff brings error. Affirmed. The facts are stated in the opinion.

[1] See *Western Publishing House v. School-District*, 94 Mich. 262.

*Brown & Lovelace,* for appellant.

*Nelson De Long,* for defendant.

GRANT, J.   Plaintiff brought suit upon a school-district order, signed by the moderator and director, for $42.50, for Yaggy's Geographical Chart.   The order, at the time it was given, was void, because it was issued without a vote of the district.   How. Stat. § 5073, subd. 6.

Plaintiff claims that a special meeting of the legal voters of district was called and held for the express purpose of ratifying the purchase, and that the purchase was ratified by a majority vote.   No entry of such meeting is found in the district records.   The board may call special meetings, and it is the duty of any member to call such meeting at the written request of not less than five of the legal voters of the district.[1]   A notice of some kind was posted, pursuant to which certain residents of the district assembled.   The reason given by the director for not keeping a record of the proceedings is that he did not regard it as a legal meeting, and understood it to be called merely for conference.   Assuming that the proceedings of the meeting could be proved by parol, the fatal objection to plaintiff's case is that it failed to show that a petition was signed by five legal voters of the district, and presented to a member of the board.   The director, who signed the notice, testified that no such petition was presented to him, and that he never saw it.   The person who circulated it testified that he did not present it to the director, and did not know what became of it.

The burden of proof was upon plaintiff to establish a legal meeting.   To do this, two things were necessary: (1) A legal petition; and (2) a legal notice.   The witnesses do not agree as to the contents of this notice, but, if it were established that a legal notice was posted, this would

[1] How. Stat. § 5047.

not be proof that a legal petition was presented. Plaintiff sought to establish this fact by evidence of a conversation between the director and another, in which it is claimed that the director admitted the reception of the petition. This was not competent evidence against the defendant. It would have been admissible for the purpose of impeachment if the proper foundation had been laid.

The direction of a verdict for the defendant was correct, and the judgment is affirmed.

The other Justices concurred.

