HUYSER *v.* BOARDS OF SCHOOL INSPECTORS OF TOWNSHIPS OF ZEELAND, OLIVE, AND BLENDON.

1. SCHOOL DISTRICTS—ORGANIZATION—NOTICE OF MEETING OF INSPECTORS—PROOF OF POSTING.

Under 2 Comp. Laws, § 4653, requiring that notice of a meeting of a township board of school inspectors to act on an application to organize a new district be given by posting the same in three "public places" in the township, an affidavit setting up the posting of notices "at or near" a schoolhouse, "at the place" of A. B., and "near" the residence of C. D., but containing nothing to indicate that these were public places, is insufficient to show a valid notice.

2. SAME.

So, too, is an affidavit which fails to show that notice was posted in each school district affected by the proposed action, as required by said statute.

3. SAME—JURISDICTION.

The posting of such notices, and the filing of proof thereof, are essential to the jurisdiction of the board of inspectors.

4. SAME—CERTIORARI.

*Certiorari* will lie to test the validity of proceedings to organize a school district, where petitioner moves promptly, and before any expense has been incurred by the new district.

Error to Ottawa; Padgham, J. Submitted October 8, 1902. (Docket No. 13.) Decided October 28, 1902.

*Certiorari* by Cornelius Huyser to review the action of the township boards of school inspectors of the townships of Zeeland, Olive, and Blendon in establishing a school district. From a judgment declaring the proceedings void, respondents bring error. Affirmed.

*P. H. McBride,* for appellants.

*Diekema & Kollen,* for appellee.

GRANT, J. *Certiorari* to review the action of the boards of school inspectors in establishing a school district. Twenty-two freeholders of the township of Blendon petitioned the boards of school inspectors of the townships of Blendon, Zeeland, and Olive to organize a new school district in said township of Blendon, to be known as "School District No. 8;" the boundaries of said district to be formed from fractional districts No. 4 of Blendon and Zeeland, No. 4 of Zeeland and Blendon, No. 5 of Blendon and Olive, and No. 3 of Blendon. The inspectors met March 14, 1901, and proceeded to organize the district. A meeting of the voters of the district was called March 25th, and school officers elected.

The statute requires 10 days' notice to be given by the township clerk of each township of the time and place of the meeting of the inspectors, by posting the same in three public places in the township, one of which must be in each of the districts to be affected by such alteration. 2 Comp. Laws, § 4653. The clerk of Zeeland township filed an unsworn statement that he posted the notices in three places. There is nothing in the statement made by him to indicate that these were public places. He stated that he posted one "at or near schoolhouse, district No. 4 of Zeeland and Blendon, one at the place of P. Van Gelderen, and one at the place of C. De Jongh." Another clerk returned that he posted one notice "near J. Won-

ninck and one near residence of Welleweerd." These
affidavits of posting contain nothing to show that these
places were public places. It may not be essential to state
that the places are public ones, but the description thereof
must be such as to indicate that they were public places.
These statements of posting might be entirely true, and
yet the notices be posted in such manner and in such
places as to entirely deceive the public, and to be no com-
pliance with the statute. Neither of the clerks of Blendon
and Olive townships stated in his return that one of such
notices was posted in the school district to be affected by
the change. The posting of such notices and the proof
thereof are essential to confer jurisdiction upon the boards
of inspectors. Unless they have such proof before them,
they act without jurisdiction, and their action is void.
*Graves* v. *School Inspectors*, 102 Mich. 634 (61 N. W.
60), and authorities there cited.

It is urged that the writ of *certiorari* is not the proper
remedy; citing *Fractional School Dist. No. 1* v. *Joint
Board of School Inspectors*, 27 Mich. 3; *Jaquith* v.
*Hale*, 31 Mich. 430; *Parman* v. *School Inspectors*, 49
Mich. 63 (12 N. W. 910); *People* v. *Gartland*, 75 Mich.
143 (42 N. W. 687); *Perrizo* v. *Kesler*, 93 Mich. 280 (53
N. W. 391). Those cases do not control this. In most of
those cases the writ was quashed because of delay in com-
mencing proceedings, or failing to prosecute them. Mean-
while the districts had proceeded to complete their organ-
izations, and had incurred expenses. In *Jaquith* v. *Hale*,
proceeding was brought against the assessor of the school
district to review errors, if any there were, to be found in
the action of the township authorities. It was held that
the remedy was unsuited to the case. In this case the
relator moved with promptness. He notified the board at
its first meeting, March 25th, that the proceedings were
illegal, and he proposed to take steps to test them. The
proceeding was commenced within 42 days. Meanwhile
no expenses had been incurred, and no one can be injured
by the application of this remedy. This case is controlled

by *Gentle* v. *School Inspectors,* 73 Mich. 40 (40 N. W. 928); *Fractional School Dist. No. 3* v. *School Inspectors of Martin,* 63 Mich. 611 (30 N. W. 198); *Graves* v. *School Inspectors,* 102 Mich. 634 (61 N. W. 60).

Judgment affirmed.

Hooker, C. J., Moore and Montgomery, JJ., concurred.