CONNINE v. SMITH.

1. SCHOOLS AND SCHOOL DISTRICTS—SPECIAL MEETING—POWER OF BOARD.
   Under special or extraordinary circumstances, a board of education has power to call a special election without a petition therefor by the electors. Section 11, Act No. 117, Pub. Acts 1909; 2 Comp. Laws 1915, § 5919.

2. SAME—ELECTIONS—DESTRUCTION OF SCHOOL—SPECIAL ELECTION.
   The school house of Hanover Unit School District was practically destroyed by fire and its further use prohibited by the State. At a regular meeting of the board it was moved and carried that a special election be held to vote

on a bond issue for a new building. Notice was duly given of the election, at which the bonds were authorized, and complainants sought to restrain their issuance. *Held*, that the legislature contemplated special meetings to be held on the initiative of the board and that the provisions relating to a petition represented another and supplemental method of calling the meeting by the electors of the district; *held*, also, that the meeting was lawfully called for the purpose of authorizing the bond issue.

3. Same—De Facto Officers—Justices of the Peace.

Justices of the peace who were selected trustees of a school district and recognized as proper officials thereof for a year or upwards were *de facto* officials, though disqualified from acting in the two capacities by 2 Comp. Laws 1915, § 5929.

4. Same—Posting Notice of Election.

The court will not vacate an election for the special purposes of a bond issue because of a mere irregularity, as, that the affidavit of posting the notices was not on file as required, unless the voters were misled or prejudiced by the omitted step. The fact might be shown by parol.

5. Same—Irregularity of Organization.

Acts of a municipal corporation may not be defeated by a collateral attack upon the regularity of its organization so as to prevent a bond issue by the defendant school district because the proceedings to organize the school district were invalid.

Appeal from Wexford; Lamb, J. Submitted June 29, 1915. (Docket No. 24.) Decided March 31, 1916.

Bill by Edwin Connine and others against W. W. Smith and others, as trustees of Hanover Unit School District, for an injunction restraining defendants from disposing of certain bonds. From an order dismissing the bill of complaint, complainants appeal. Affirmed.

*Jesse R. Cropsey,* for complainants.

*Fred C. Wetmore,* for defendants.

BIRD, J. A permanent injunction is sought in this case restraining the trustees of the Hanover Unit School District from disposing of $15,000 in bonds, which the district voted in order to secure funds with which to erect a new school building. Upon the filing of the bill, a temporary injunction issued pending the hearing. At the hearing the bill was dismissed and the injunction dissolved. The complainants appeal.

It appears that in the month of September, 1913, the school house belonging to the district was condemned by the State authorities, for the reason that it was unsafe, and a further use of it was prohibited. Following this action, and in April, 1914, at the regular monthly meeting of the board of education, a motion was made and carried to hold a special election on May 6, 1914, for the purpose of voting on a bond issue of $15,000 to obtain funds with which to erect a new building. Notice thereof was given and the election was held, and the proposition carried. The validity of the proceedings to issue the bonds is questioned by complainants upon three grounds:

(1) That the secretary of the board of education was not authorized to call a special election.

(2) That there was no proof on file of the posting of the notices of election at the time the election was held.

(3) That the proceedings taken to organize the district were invalid.

1. The board of education called the special meeting upon its own initiative, and the secretary gave notice thereof as he is required by law. Act No. 117, Pub. Acts 1909 (2 Comp. Laws 1915, § 5909 *et seq.*). Complainants' position is that the board of education cannot call a special meeting upon its own initiative; that it can be legally called only in response to a petition signed by a certain percentage of the qualified voters of the district.

Act No. 117, Pub. Acts 1909, as amended by Act No. 143, Pub. Acts 1911, provides that special elections may be called to determine whether money shall be raised by bonds, and section 11 of the act (2 Comp. Laws 1915, § 5919) provides that it shall be the duty of the secretary:

"*Third,* to give the prescribed notice of the annual meeting and of any special meetings of the district which the board may call: *Provided,* that the notice of all annual and special meetings shall be properly posted in at least five public places in the township and one on each school building not less than five days prior to such meeting: *Provided, further,* that on the petition of at least one-tenth and not less than twenty-five of the qualified voters of the township district presented to the secretary or president for the purpose of calling a special school meeting, the secretary shall give the notice as hereinbefore provided."

The act specifically authorizes special meetings to be held to determine propositions to bond, but does not in express terms authorize the board to call them. We think a fair construction of the act, however, contemplates that the board of education may call special meetings upon its own initiative. If this were not so, the requirement of the act that the secretary shall give notice of the special meetings of the district which the board may call would be meaningless. The legislature evidently did not desire to leave this power wholly in the hands of the board, so it provided a method whereby special meetings could be called by a certain percentage of the qualified voters without the aid or intervention of the board. In the present case the board was well within its authority in calling the special election in question. See *Central School, etc., House v. School District No. 3,* 99 Mich. 402 (58 N. W. 324).

It is further urged in this connection that there was in fact no valid action upon the part of the board of education in calling the special election, inasmuch as

no quorum was present. A lack of quorum is made out in this way. Trustees Guernsey and Damon, it is asserted, were not legally elected because they were both justices of the peace at the time of their election as trustees. The act under which they were elected provides that:

"The several township officers shall be ineligible to election as members of the board of education during the term for which they were elected and any votes cast for such township officers for members of the board of education shall be void." Section 21, Act No. 117, Pub. Acts 1909 (2 Comp. Laws 1915, § 5929).

It appears, however, that notwithstanding the inhibition, Guernsey and Damon were elected, took the oath of office and entered upon the duties thereof, and were recognized for upwards of a year as trustees and members of the board. We think under such circumstances they were acting under the color of title to the office, and that they were *de facto* officers. This being so, their official acts could not be questioned collaterally by a private party by showing that they were not entitled to the office. *Bird* v. *Perkins,* 33 Mich. 28; 28 Cyc. p. 420; *Petersilea* v. *Stone,* 119 Mass. 465 (20 Am. Rep. 335) ; *Town of Plymouth* v. *Painter,* 17 Conn. 585 (44 Am. Dec. 574).

The precise question here presented is whether a person who was not qualified to fill the position could be said to be holding the office under color of title. Upon this question the last case cited quotes with approval the holding in *Knight* v. *The Corporation of Wells,* Lut. 508; it was there held:

"That if one elected mayor of a corporation, without being legally qualified to be chosen to that office, after such election puts the seal of the corporation to a bond, this obligation is good, because, by coming into the office by color of an election, he was thereby mayor *de facto;* and all judicial and ministerial acts done by him are good."

In the present case, Guernsey and Damon were justices of the peace. By reason of this fact, they were disqualified to become trustees of the board of education. Doubtless this fact was overlooked and these men were elected to that position. They filed their bond and took the oath of office, and acted as such trustees without any question being raised so far as the record shows, until the present time. We think it must be held that this constituted them *de facto* officers. This being so, it follows, as heretofore said, their acts as such officers cannot be questioned in this collateral proceeding.

2. Another objection urged is that before the special election could be legally held, an affidavit or proof of the posting of the notices required by statute should be on file with the clerk, and that parol proof of the posting thereof was not admissible—citing *Huyser* v. *Boards of Inspectors,* 131 Mich. 568 (91 N. W. 1020) ; *Graves* v. *Board of School Inspectors,* 102 Mich. 634 (61 N. W. 60).

These cases are not in point to the first contention, because in those cases it was declared that the service of the notice on the officers of the other school districts for a joint meeting was jurisdictional. It was the initial step in the proceeding. The jurisdictional fact here is the ordering of the special election. The giving of notice thereof was but a step in the proceedings, which, if insufficiently given, would amount to an irregularity, for which the courts would vacate the election, if it were shown that the voters were misled or prejudiced thereby. But unless this showing was made, the courts would refuse to set aside the election. *Wightman* v. *Tecumseh,* 157 Mich. 326 (122 N. W. 122).

The giving of the notice is not a duty which rests upon the board; that is made the duty of the secretary. Proof that he discharged that duty according to law

is essentially no part of the record of the board, although it might be better practice to file proof of the same. Whether he did discharge it or not in a given case is a question of fact, and we see no valid reason why the fact cannot be shown by parol evidence. See *Paul* v. *Circuit Judge*, 169 Mich. 452 (135 N. W. 283). Some further complaint is made that the parol proof admitted is insufficient to show a valid posting. The testimony in this respect shows a substantial compliance with the statute, and since no complaint is made that any voter was prevented from voting, or was in any wise prejudiced by reason of insufficient posting, the objection is without merit.

3. About a year prior to the time this suit was commenced, certain townships in the counties of Wexford and Grand Traverse combined to form a unit school district under Act No. 117, Pub. Acts 1909 (2 Comp. Laws 1915, § 5909 *et seq.*), and such proceedings were had as resulted in a formation of the Hanover Unit School District, Fractional. Subsequently, it held an election and elected its officers. It is claimed upon the part of complainants that the proceedings taken to organize said unit school district were void, and it is urged as a ground why a permanent injunction should issue against said bond issue. The regularity of this organization has been discussed at some length by complainants' counsel, but we are of the opinion that this is such a collateral attack as could not be raised for the purpose of defeating the issue of the bonds. It comes within the general principle that acts of a municipal corporation may not be resisted by showing the irregularity of its organization. *Fractional School Dist.* v. *Joint Board of School Inspectors*, 27 Mich. 3; *Clement* v. *Everest*, 29 Mich. 19; *Stuart* v. *School District*, 30 Mich. 69; *Bird* v. *Perkins*, 33 Mich. 28; *Stockle* v. *Silsbee*, 41 Mich. 615 (2 N. W. 900).

The chancellor who heard the case came to a proper

conclusion in the matter, and we think the decree should be affirmed, with costs to the defendants.

STONE, C. J., and KUHN, OSTRANDER, MOORE, STEERE, and BROOKE, JJ., concurred.

The late Justice MCALVAY took no part in this decision.