LESLIE *v.* SCHOOL DISTRICT NO. 1, MASON TOWNSHIP.

1. SCHOOLS AND SCHOOL DISTRICTS—AUTHORITY TO PURCHASE BUS MUST BE GRANTED BOARD BY ELECTORS.

Under 2 Comp. Laws 1929, § 7104, authority of school board to purchase bus for transportation of pupils must be traced to grant thereof by school electors at valid special or annual meeting.

2. SAME—SPECIAL MEETING—EVIDENCE OF COMPLIANCE WITH STATUTE NECESSARY.

Action taken by electors at special meeting of school district authorizing school board to purchase school bus (2 Comp. Laws 1929, § 7104) is *held*, ineffective, in absence of evidence of compliance with statute in calling said special meeting (2 Comp. Laws 1929, §§ 7362, 7363).

3. SAME—GRANTING AUTHORITY TO BOARD TO PURCHASE BUS.

Where electors at annual school district meeting voted that it be left to school board to purchase bus to transport pupils, power was granted to board to determine need and make purchase.

4. SAME—BOARD'S GIVING ORDER FOR BUS DETERMINED NEED.

Where power was given to school board to determine need for bus to transport pupils, giving order for bus by majority of board determined need.

5. SAME—NOT NECESSARY THAT BOARD HAVE MONEY TO PAY FOR
BUS.
    That there was no money on hand to pay for school bus did not
        render contract for its purchase by·school board void, where
        board could vote tax for such purpose.

6. APPEAL AND ERROR—CASE REMANDED FOR JUDGMENT ON REVERSAL,
WHERE AMOUNT CONCEDED.
    Where, on trial, it was conceded that if recovery was had by
        plaintiff it should be for full contract price, on reversal of
        judgment for defendant, case is remanded, and judgment
        ordered entered for plaintiff.

Error to Arenac; Smith (Guy E.), J. Submitted
June 4, 1931. (Docket No. 96, Calendar No. 35,236.)
Decided December 8, 1931. Rehearing denied
March 3, 1932.

Assumpsit by Orville Leslie against School District No. 1, Mason township, Arenac county, for the
purchase price of a school bus. Directed verdict
for plaintiff. Judgment *non obstante veredicto* for
defendant. Plaintiff brings error. Reversed, and
judgment ordered entered for plaintiff.

*John A. Stewart* and *B. J. Henderson*, for plaintiff.

*William T. Yeo*, for defendant.

WIEST, J. This is an action to recover the price
of a school bus, claimed to have been sold and delivered to defendant school district, under a conditional sale contract, executed by a majority of the
school board. The circuit judge directed a verdict
for plaintiff and later entered judgment for defendant.

Section 7104, 2 Comp. Laws 1929, provides:

"At an annual or special meeting the district
* * * may vote to direct the school board to make

provision to send the children of the seventh and eighth grades to another school or schools. When such action has been taken the school board shall have authority to use any funds, except library funds, in the hands of the treasurer. to provide and equip a vehicle, to pay the tuition and transportation of all such children, and if necessary to vote a tax for such purposes."

The power of the school board to purchase the bus must be traced to grant thereof by the school electors at a valid special or at the annual meeting. The annual meeting is fixed by law in July, and special meetings of the school electors require a notice of purpose and time (2 Comp. Laws 1929, §§ 7361, 7362).

Plaintiff claims that at a special meeting of the school electors held May 8, 1929, authority was given to the district board to purchase the bus. In the absence of evidence of a call for such meeting by the district board (2 Comp. Laws 1929, § 7362), and the time and place and statement of all questions to be submitted to the electors at such special meeting (2 Comp. Laws 1929, § 7363), the action taken was ineffective. *Central School Supply House* v. *School District*, 99 Mich. 402. At the annual school meeting, held July 8, 1929, it was determined, "that it be left to the board to buy the bus to transport the 7th and 8th to Turner if there is more than allowed by law on the list carried."

In behalf of defendant it is claimed that plaintiff was present at that meeting and stated:

"If the district ordered the bus from him and did not want it, they could have 30 days to cancel the order."

July 23, 1929, two of the three members of the school board signed the order for the school bus at

the price of $1,150, of which $250 was to be paid upon delivery of the bus, and time extended for the balance with title retained by the seller.

Defendant claimed rescission at subsequent special meetings of the electors held on July 30, 1929, and by adjournment on August 2, 1929.

Again the record fails to show the validity of such special meetings, and, for the reasons above stated, any action thereat was ineffective. At the annual school meeting authority was conferred upon the school board to purchase a bus. This authority was exercised by a majority of the board on July 23d, and the contract sued upon entered into.

Under the record before us, the annual meeting was the only valid one and action had at that meeting authorized the school board to provide the bus if found to be needed. This granted power to the school board, or a majority of the members thereof, to determine the need and make the purchase. In giving the order for the bus, the board determined the need. The fact that there was not money on hand to pay for the bus did not render the contract to purchase a nullity because the board could order a tax to be levied for the purpose.

At the trial it was conceded that if recovery was had by plaintiff it should be for the full contract price.

The judgment is reversed, with costs, and the case remanded to the circuit court with direction to enter judgment in favor of plaintiff.

BUTZEL, C. J., and CLARK, McDONALD, POTTER, NORTH, and FEAD, JJ., concurred. SHARPE, J., did not sit.