## THE B., C. R. & M. R. Co. v. STEWART.

1. **Estoppel:** TAXATION: RAILROAD. Where a tax of five per cent. to aid in the construction of a railroad, was voted by a majority of all the electors in a township, and the railroad company thereupon constructed the road through the township, at an expense of more than double the amount of the tax, the citizens and tax-payers making no objections to the legality of the vote until after the completion of the road, they were estopped from then objecting to the validity of the notice of election. BECK J. *dissenting*.

2. **Pleading:** DEMURRER. In an action to compel the treasurer of a county to levy and collect a tax voted to aid in the construction of a railroad, an allegation that the plaintiff had made the required proof of compliance with all the conditions upon which the tax was to be paid was held good on demurrer.

*Appeal from Fayette Circuit Court.*

WEDNESDAY, SEPTEMBER 23.

THE plaintiff, on the 18th day of September, 1873, filed a petition in the Circuit Court, alleging in substance that on the 24th day of July, 1871, a petition in writing was presented to the trustees of West Union township, in Fayette county, signed by more than one-third of the resident tax-payers of said township, asking that the question of aiding in the construction of plaintiff's railroad be submitted to the vote of said township; that on the same day the trustees gave notice that a special election would be held on the 16th day of August, 1871, at the village of West Union in West Union township, by publishing the notice in the Fayette County Union, a weekly newspaper, then and ever since published in said county, and also by posting said notice in five public places in said township, more than twenty days before said election was to be held, which notice specified the time and place of holding said election and the line of road to be aided, namely, the plaintiff's road, and that a tax of five per centum on the dollar valuation of the property in the township was proposed to be raised.

The petition also alleged that, for fifteen years previous to

the filing of the same, the general elections had been held at the court house in the said village of West Union, which fact at the time of giving the notice was universally known by the voters of said township, and the notice specified that said election would be held and the polls opened in said village as provided for general elections; that said election was held in pursuance of said notice at the court house in West Union on the 16th day of August, A. D. 1871, at which the question of "taxation" or "no taxation" to aid in the construction of plaintiff's road was submitted to the voters of said township, and that a majority of *all the voters in said township* voted in favor of taxation, whereupon the township clerk of said township certified to the County Auditor of Fayette county the rate per centum which was voted at said election, which was five per centum of the assessed valuation of the property in the township.

It is further alleged that the Board of Supervisors of the county at their next meeting held after said election and at the same time of levying the ordinary taxes in the county, levied the tax voted at said election and caused the same to be placed on the tax lists of West Union township and placed in the hands of the defendant, the treasurer, for collection; that the only conditions upon which said tax was voted were, that "said taxes were not to be paid to the plaintiff until said plaintiff's road was built and cars running to West Union, and one-half of the grading done between West Union and the intersection of plaintiff's road and the Milwaukee & St. Paul R.R.;" that plaintiff's road was so running on the 14th day of October, 1872; that the plaintiff has kept and performed all conditions, covenants and agreements contained in said petition to the trustees and the notice of election, by it to be kept or performed, or otherwise made to the people of said township; that immediately after said tax was voted it began the construction of its road through said township and county, and laid out and expended a large sum of money in the construction of their road in said township, which it would not have done unless it had expected in good faith to receive the tax voted by the township, and that the voting of such tax was

the consideration that induced the plaintiff to construct its road through said township; that it accepted the tax voted on the conditions contained in the petition to the trustees and notice of election, and upon the strength thereof expended money in the construction of their road to an amount equal to double the sum of the tax voted.

It is further averred, that prior to the commencement of this suit, " due proof had been made to the defendant that the plaintiff had, in all respects, complied with the conditions, reservations and agreements upon which said tax was voted to the plaintiff, and all the conditions upon which it was to be paid over to the plaintiff, and the certificate or sworn estimate of the engineer in charge of the work on said road to West Union township, showing that double the amount of said tax had been expended for the construction of plaintiff's road in West Union township, in accordance with the terms of the notice upon which said tax was voted, was presented to defendant; that, notwithstanding all this and that plaintiff had duly demanded that the defendant should proceed to collect and pay over said tax pursuant to law, he neglected to do so.

A peremptory writ of mandamus is prayed to compel the defendant to collect and pay the tax to the plaintiff.

Copies of the petition presented to the trustees of the township, and of the notice of the election, are annexed to plaintiff's petition.

The defendant demurred to plaintiff's petition for the following reasons:

" 1. That the notice required by law of the place at which the election would be held, was not given.

" 2. That the notice required by law of the time when the election would be held, was not given.

" 3. That plaintiff's petition does not show that the requisite proof has been made to the county treasurer, as provided by Chap. 2, of Laws of Fourteenth General Assembly, or that plaintiff has complied with the provisions thereof."

This demurrer was sustained, and plaintiff appeals.

*L. L. Ainsworth* and *Henry Rickel*, for appellant.

*Willett & Wellington,* for appellee.

MILLER, CH. J.—The notice given of the election at which the question of " taxation," or " no taxation," was to be voted upon, contained the following language, to-wit: " Now, therefore, notice is hereby given that, at West Union, in said township, on the 16th day of August, A. D., 1871, a special election will be held, at which the polls will be open as provided for general elections," etc. The counsel for appellee insist that this does not sufficiently specify the place where the election was to be held. We do not deem it necessary to pass upon this question, for we think, upon the facts alleged in the petition and admitted to be true by the demurrer, that defendant is not in a position to take advantage of this defect in the notice, if it be such. The tax was voted in August, 1871; more than two years elapsed since it was voted before this suit was commenced; the plaintiff has proceeded upon the faith that it was to receive this tax in due time, and has complied with all the conditions upon which it was to become entitled thereto, has expended more than double the amount of the tax in constructing its road through the township voting the tax, which it would not have done but for the promise of the people that the tax should be paid when the plaintiff had performed its part of the contract. During all this time the tax payers and citizens of the township, seeing and knowing that plaintiff was expending its money within the township in the construction of a public improvement which was to benefit their property, stand by and make no complaint or objection that there was a technical defect in the notice of the election, which could have worked no prejudice, since a majority of all the voters in the township voted in favor of the tax. It would be manifestly against every principle of justice to allow the tax-payers of the township, through the defendant, to escape liability from a tax voted by the citizens at an election authorized by law for so slight a defect, if it be one, under the circumstances stated.

This conclusion is well sustained by authority. See *Johnson v. Stark County,* 24 Ills., 75; *Commonwealth ex rel. v.*

<div style="margin-left:2em; font-size:small;">
1. ESTOPPEL: taxation: railroad.
</div>

*Thomas*, 32 Penn. St., 218; *Chapman et al. v. M. R. R. Co.*, 6. Ohio St., 119; *The Mahaska Co. R. Co. v. The D. V. R. Co.*, 28 Iowa, 437; *Hellenkamp v. City of Lafayette*, 30 Ind., 192; *Palmer v. Stumph*, 29 Ind., 329; *Mortz v. City of Detroit*, 18 Mich., 496; *Brown v. Bowen*, 30 N. Y., 519; *Young v. Bush*, 8 Bosw., 1; *State v. Van Horn*, 7 Ohio St., 327; *Prettyman v. Supervisors of Tazewell Co.*, 19 Ills., 406; *Zabriskie v. C. C. & C. R. Co.*, 23 How., 381; *Mayor of Pittsburg v. Scott*, 1 Penn. St. 309.

In this conclusion MR. JUSTICE BECK does not concur.

II. The third ground of demurrer is that it does not' appear by the petition that the requisite proof was made to' the treasurer, etc., under Chapter 2, Laws of 1872.

The fifth section of that act is as follows: " That when it· is certified to the county treasurer or township collector, by the trustees of any township, or the trustees or council of any incorporated city or town, that the railway company has, in all respects, complied with the statutes and with all con-: tracts and agreements referred to in section two of the act relative to such tax, and is entitled thereto, it shall be the, duty of such treasurer or collector to give sixty days' notice thereof by publication in some newspaper published· in the county, and if there be no such newspaper, by posting three notices thereof in each township, city or town, from which said tax is to be collected, and from the time of giving such notice said tax shall become delinquent, and not before."

It was held by this court in *Harwood et al. v. Case, Treas.*, etc., Dec. Term, 1873, that this section suspending the collection of the tax until the railroad company shall become entitled to it, is not unconstitutional, although retrospective; and it was further held that a petition, which fails to allege that the proof required by this section was made to the treasurer or township collector, is bad on demurrer. In that case there was no allegation whatever that such proof had been presented. We think, however, that in this case the petition is not vulnerable to this objection. The allegations of the petition in this respect are that, " prior to the commencement of this action, *due proof had been made to the defendant that the plaintiff* ·

*had, in all respects, complied with the conditions, reservations, and agreements upon which said tax was voted to the plaintiff, and all the conditions upon which it was to be paid over to the plaintiff,"* etc. The substance and effect of the averments are that the plaintiff has furnished to the treasurer legal proof of every fact required by the law to entitle it to have the tax collected and paid over. The petition does not specify all the particular items of evidence which are required, but it avers the *fact* that the requisite proof has been furnished. This averment is confessed by the demurrer, and, if it be conceded that the averment is not sufficiently specific, it is sufficient on demurrer. The averment of the petition is that the necessary *proof* was made that all the conditions upon which the tax was to be paid had, in all respects, been complied with. Now the statute, in prescribing how this proof shall be made, does not make it necessary to allege that it was made in that form or manner. The allegation that the requisite proof was made is sufficient.

The demurrer was improperly sustained, and the judgment of the Circuit Court must be

REVERSED.