John Parman v. Boards of School Inspectors.

*Re-formation of school-districts—Certiorari—Notice.*

A writ of certiorari to bring up proceedings for the formation of a school-district will not be sustained if after its issue and without good reason it has been allowed to sleep until the organization has been completed, a tax voted and contract made for building a school-house, and interests established which cannot be overturned without public inconvenience and injury and individual damage.

Where certiorari issues to bring up proceedings for the formation of a school-district, the papers on which it was allowed must be served with it.

Where there has been actual notice of proposed proceedings by joint boards for the formation of a new school-district out of several old ones, mere informalities in the issue of such notice are not jurisdictional defects; nor is the fact that it covers territory not actually taken.

Certiorari to the township boards of school inspectors of the townships of Henrietta and Waterloo, in Jackson county, and Bunker Hill and Stockbridge, in Ingham county, to bring up the proceedings had before them in the formation of a fractional school-district from the townships of Henrietta, Bunker Hill and Stockbridge. The affidavit for the writ sets forth as jurisdictional irregularities the fact that (1) as no land was taken from the township of Waterloo, the participation of the township board of that township invalidated the joint action taken; (2) that no meeting was held by the joint boards to give notice of contemplated alterations in the boundaries of the districts concerned; (3) that no proof of notice was made to the joint meeting; (4) that the notice actually given covered land not included in the district and omitted from the proceedings of the meeting; (5) that the joint boards did not designate which township clerk should deliver notice of the formation of the new district to the taxable inhabitants; (6) that the notices of the joint meeting did not state from what districts territory was to be taken for the new district,

nor that it was authorized by the action of the several boards; and (7) that the record did not show that it was lawfully organized by the selection of a presiding officer and clerk. Submitted June 23. Decided June 27.

*Thomas A. Wilson* for plaintiff in certiorari.

*Huntington & Henderson* for defendants in certiorari.

GRAVES, C. J. This writ of *certiorari* was issued March 25th, and no attempt seems to have been made to serve it until the 17th of April, and then no copy of the papers on which it was allowed was served with it. The respondents were not bound to take any notice of it. At that time the organization of the district had become complete; a tax had been voted to build a school-house and a contract made for its construction, and during some of the most important of these proceedings, the writ although issued was allowed to slumber and no good reason appears for the delay. In the interval important interests arose which could only be over-turned at the expense of much public inconvenience and injury, and more or less individual damage.

The serious defect in the service of the writ has been mentioned, and in coming here to oppose the proceeding the respondents qualify their appearance by protesting the insufficiency of the service and their right to insist that the writ be not allowed to operate to the district's prejudice.

These considerations have weight, and when we add that the objections against the proceedings do not appear to the Court as jurisdictional, but seem to fall under the head of irregularities so far as they have any merit, we are of opinion that the plaintiff in *certiorari* ought not to prevail.

We shall therefore dismiss the writ with costs.

The other Justices concurred.