FRANK GOERDT, v. JOHN A. TRUMM, Appellant.

Annual School Meeting: NOTICE OF: SUBMISSION OF PROPOSITION.
1    Section 2749 of the Code confers certain powers on the electors of a school district to be exercised at the annual meeting, and also provides that the board may, or upon certain conditions "shall provide in the notice for the annual meeting for submitting any proposition authorized by law to the voters." *Held*, this latter provision is mandatory, and before any power enumerated in said section can be legally exercised by the voters, the notice of annual meeting provided for in section 2746 of the Code shall contain a notice that the electors will be called upon to exercise such power.

*Appeal from Delaware District Court.*—HON. F. O. PLATT, Judge.

MONDAY, OCTOBER 27, 190?.

MANDAMUS to compel the defendant, as secretary of a school township, to certify certain matters to the board of supervisors of the county. Judgment for the plaintiff, from which the defendant appeals.—*Reversed.*

*J. W. Malvin* and *F. B. Blair* for appellant.

*Cloud & Cloud* and *Yoran, Arnold & Yoran* for appellee.

SHERWIN, J.—The controlling question presented by the record in this case is the construction of sections 2746 and 2749 of the Code so far as they relate to the notice

requisite to be given of the holding of the annual school meeting provided for in the first of those sections. The following are the parts of the sections material to this investigation: Section 2746: "A meeting of the voters of each school corporation shall be held annually on the second Monday in March, for the transaction of the business thereof. Notice in writing of the place, day, and hours during which the meeting will be in session, specifying the number of directors to be elected, and the terms thereof, and such propositions as will be submitted to and be determied by the voters, shall be posted by the secretary of the board in at least five public places in said corporation, for not less than ten days next preceding the day of the meeting." Section 2749: "(7) The board may, or upon written request of the five voters of any rural independent district, or of ten voters of any school township * * * shall provide in the notice for the annual meeting for submitting any proposition authorized by law to the voters." The following notice was given of the annual meeting in question, at which there was voted a tax for the building of a school house: "Notice is hereby given to the qualified electors of the school township of Bremen, in the county of Delaware, state of Iowa, that the annual meeting of said district will be held at school house No. 2 on the second Monday in March, 1901, at 9 o'clock, a. m., and closing 2 o'clock p. m. The meeting will be open for the transaction of such business as may legally come before it, and the board has directed that the following propositions shall be submitted to and determined by the voters." The question of the true legislative intent as to the preliminary notice of the propositions to be submitted at these annual meetings is not easily solved, and to determine it we must look to the law existing prior to the present Code. Under section 2823 of McClain's Code of 1888, which provided for annual school meetings, no notice of any kind was required, but a notice was provided for in section 2857

thereof; but in neither of these sections is there any requirement that notice of the propositions to be acted upon at such meetings be given.    In the enactment of section 2746 of the Code of 1897 the legislature not only combined a part of former section 2823 with former section 2857, but added thereto the requirement that the notice of such annual meeting contain the propositions to be submitted to and to be determined by the voters.    If this were the only change made with reference to the notice, and section 2749 had been enacted substantially as it existed as a part of section 2823, heretofore noticed, we would feel disposed to hold that the additional requirement of section 2746 was intended to be directory only, and that the specific powers enumerated in 2749 could be exercised at the annual meeting without more than the general notice.    But such is not the case.    After enumerating the powers which the voters shall have at such meeting, it is said, "The board may," or upon certain conditions therein named "shall, provide in the notice for the annual meeting for submitting any proposition authorized by law to the voters."    It is a fundamental rule of statutory construction that all parts of the law shall be given effect, if possible.    What, then, is the meaning of this language when construed with section 2746, and in the light of the other enactments bearing upon the subject generally?    Sections 2794, 2797, 2799 and 2800 provide for special meetings of the electors, and prescribe the course of procedure and notice which shall authorize them.    Section 2831 relates to uniformity in the text-books to be used in the county, and provides that the county board of educators shall, upon certain conditions, meet and provide for submitting the question to the electors at the annual meeting.    Section 2836 relates to the question of free text-books, and points out the duty of the secretary when a petition therefor has been filed with him, signed by a certain number of the voters; and that section

requires that he shall cause notice of such proposition to
be given in the call for the annual meeting. Section 2829,
which was originally enacted as section 6, chapter 24, Acts
23d General Assembly, relates to the change of text-books,
and is the only other section which specially provides for
a notice of any of the propositions named in section 2749,
and this does specially provide that such notice shall be
included in the notice for the regular meeting; and, such
having been the law before the enactment of the present
Code, it cannot legally be said that the special provision
therein contained as to one subdivision of section 2749
operates to exclude notice as to its other propositions.
The principle underlying all statutory construction is that
the legislative .intent be sought from the language em-
ployed, if possible; but if it cannot be determined from
this alone, then we may go beyond it, and ascertain this
intent by comparison, and by looking to the remedy
sought. This statute gives the electors power to impose a
tax upon property, and it is said that such laws should be
strictly construed. In Cooley, Taxation, 266 it is said:
"A strict construction in such cases seems reasonable,
because presumptively the legislature has given in plain
terms all the power it has intended should be exercised."
It cannot be questioned that the legislature, in granting
the powers it does by section 2749, could at the same time
limit the conditions under which such powers might be
exercised, and say that they should not be exercised except
after certain notice. The language is that "the board
may" or "shall provide in the notice * * * for submitting
any proposition authorized by law to the voters." Why
was the word "provide" used, if the section had already
provided unequivocally for the use of such power? We
think that the word was used advisedly, and in connection
with the requirement of section 2746 that notice of the
proposition be given. It is true that the statute gives the
power, and that it is notice to the voters of what may be

done at the annual meeting; but the voters have the right to rely upon the statute as an entirety, and when it has not been complied with strictly in cases of this kind, and the very thing has been omitted which was necessary to give it life, they may rest on the presumption that no illegal act will be done.   In Cooley, Taxation (2d Ed.) 334, cited by the appellee, it is said that citizens are required to take notice of such statutes, whether notice is given or not, for "the right to hold the meeting comes from the statute, not from the published notice."   But there is a difference between the right to hold the meeting and transact its ordinary business and the right to do an act which it is declared may only be done after certain notice has been given.   Judge Cooley further says, in the same connection:   "The same statute will commonly specify the subjects which may be considered at such meetings, and will limit any power to levy taxes which is permitted to be exercised.   But to make the statutory notice sufficient it would be necessary that the place of meeting be fixed, either by the statute itself or by some public act of which the electors were bound to take notice, and that the meeting be held as appointed."   The rule as to notice governing electors to office cannot be applied to the case at bar for the reasons which we have already discussed, and because such statutory notices are generally held directory, only, so far as form is concerned.   But if any particular act is declared essential to the validity of an election, the statute is held to be mandatory.   *Parvin v. Wimberg*, 130 Ind. 561 (30 N. E. Rep. 790, 15 L. R. A. 775, 30 Am. St. Rep. 254).   With this view of the case, it is unnecessary to determine the other questions presented.

The writ should not have been issued, and the judgment is REVERSED.