HENRY LOESCHE, *et al.*, Appellants, v. FRANK GOERDT, *et al.*

**Schools:** TAXES: LACHES.  Tax payers not parties to a proceeding to compel the school township secretary to certify a tax to the board of supervisors, and having no right to intervene and set up the invalidity of the tax, are not entitled to the benefits of the acts of the secretary in defending the same on the question of whether they had been guilty of laches in contesting the tax.

**Taxes:** LACHES: ESTOPPEL.  In an action to restrain the collection and disbursement of a tax levied to construct schoolhouses, the evidence is considered and held that plaintiffs were negligent in bringing their action and estopped from questioning the validity of the tax.

**Practice:** ADDITIONAL ABSTRACT.  Where an additional abstract supplies a part of the record omitted from the original abstract, a motion to strike the same will be overruled.

*Appeal from Delaware District Court.*—HON. H. M. REMLEY, Judge.

THURSDAY, FEBRUARY 12, 1904.

SUIT in equity to restrain the collection of taxes levied for the building of schoolhouses and to restrain the disbursement of any fund so collected.  There was a trial, and judgment for the defendants.  The plaintiffs appeal.—*Affirmed.*

*J. W. Malvin* and *R. W. Stewart* for appellants.

*Bronson & Carr, Cloud & Cloud* and *Yoran, Arnold & Yoran* for appellees.

SHERWIN, J.—At the annual meeting of the electors of the school township of Bremer held on the 11th day of March, 1901, a tax of $1,000 was voted for the erection of two school-houses on the sites designated on the ballots. The secretary of the township refused to certify this tax to the board of supervisors, and an action of mandamus was brought to compel him to do so. The action was contested, and on the 29th day of June, 1901, a judgment was rendered in the case ordering him to certify the tax so voted, which he did on the 15th day of July following. An appeal was taken from that judgment, and we held that it was erroneous, and reversed it, because of the insufficiency of the notice of the meeting. *Goerdt v. Trumm*, 118 Iowa, 207. Before the action of mandamus was begun, however, a majority of the board of directors of the school township at a special meeting held on the 21st day of March ordered the erection of the two schoolhouses, and directed that bids therefor be invited by publication, which was done by notice published for five weeks. On the 26th of April there was a meeting of the board at which bids ror both houses were received and considered, and the contract for one of them let. The contract for the other was entered into later. One of the houses was begun early in June, and the other between the 1st and the 15th of July. Both were completed and accepted and warrants issued to the builders in the latter part of August, 1901. At the regular September, 1901, meeting of the board of supervisors a tax was levied in accordance with the certification of July 15th. Teachers were employed, and schools maintained in the new houses from September 1, 1901, to the latter part of May, 1902. This action was begun on the 3d day of December, 1901, and the opinion in *Goerdt v. Trumm* was filed on the 27th day of October, 1902. The appellants contend that the decision in the *Goerdt-Trumm Case* is decisive of this, because we there held that the voters present had no power to vote a schoolhouse tax under the notice given. It is undoubtedly true that the tax was not legally voted, and that, if the plaintiffs herein

had been diligent in contesting the legality of that action, they might have been relieved from the taxes they now seek to evade. The voters of the township had the power to vote a tax for the erection of schoolhouses, and, had such tax been voted by those present at the annual meeting upon a proper notice, there could be no question as to its validity; hence, strictly speaking, the act of voting a tax under an insufficient notice was not *ultra vires* as to the township. The houses were built by the township; it now owns them, and has been 1. TAXES: laches using them for school purposes as provided by law; a part of the tax levied has been paid; and the controlling question before us is whether, in view of all of the facts, the appellants can now be heard to question the validity of the vote, or the proceedings culminating in the erection and acceptance of the houses. We think this question must be answered adversely to the appellants. They argue that they have been contesting the validity of the vote and the levy of the tax at every stage of the proceedings, and that they have not, therefore, been guilty of laches or acquiescence, and base this assertion upon the fact that they were in some way connected with Trumm in his resistance to the mandamus action. But, if this latter position be true, they are estopped by the action of Trumm in voluntarily certifying the tax to the supervisors, for by so doing he performed the judgment of the court, and neither he nor those acting in concert with him can now be heard further on that matter. The fact that he so certified only after the judgment of the district court can make no difference. It is likely that a supersedeas bond would have stayed the judgment. See *Rice v. County Judge,* 7 Iowa, 186. But, if it would not, this court has the power to grant a stay upon a proper showing; hence the performing of the judgment by Trumm was voluntary. *Hintrager v. Mahoney,* 78 Iowa, 537; *San Diego School Dist. v. Board of Sup'rs,* 97 Cal., 438 (32 Pac. Rep. 517.) It is true these cases do not decide the precise point under consideration, but they are the same in principle, for where a party has waived a right, or voluntarily acquiesced in or performed a judgment,

equity will not permit him to afterwards question the results following such action. But the appellants were not parties to the former case, and we do not see how the action of Trumm could affect them one way or the other. They could not have intervened in the mandamus action and set up the invalidity of the tax; consequently whatever resistance they made must have been moral, rather than legal. *Rice v. County Judge, supra; Harwood v. Quinby,* 44 Iowa, 385.

It follows, then, that the appellants must stand or fall upon the diligence they have themselves exercised. According to their own statements, they were fully and currently ad-

2. TAXES: laches: vised of every step taken towards securing the estoppel. two new schoolhouses, yet they stood by and permitted the houses to be built, the indebtedness to be incurred, and the tax to be levied, and not until after three months of school had been maintained in the new houses did they take any action to test the validity of any of the steps taken in the matter. He who asks a court of equity to give him relief must present a case which appeals to the conscience of the chancellor. He must show that he has been without fault, that no affirmative act of his stands in the way of the relief he prays, and that he has not been guilty of sleeping on his rights to the prejudice of his opponent. The appellants do not come before us with such a showing, and we think they are now estopped from questioning any of the matters they complain of. *Kagy v. Independent Dist. of West Des Moines,* 117 Iowa, 694; *B. C. R. & M. R. Co. v. Stewart,* 39 Iowa, 267; *Parman v. Township School Inspectors,* 49 Mich 63 (12 N. W. Rep. 910); *Collins v. City of Camden,* 27 N. J. Eq. 293; *Johnson v. School Corporation of Cedar,* 117 Iowa, 319.

The parties whose action is complained of seem to have acted in good faith. There was a diversity of opinion in the township as to the advisability of building new schoolhouses, and a decided disagreement as to the notice necessary to vote the tax, and the district court held the notice sufficient, and sustained the action of the voters. The houses were built

under contract, and with the knowledge of the plaintiffs, who permitted the contractors to expend their time and money in the construction thereof without taking a single step to determine the legality of the board's' action in ordering the houses built, or its power to bind the district by the contracts entered into.  The houses, as we have seen, were accepted and used by the district, and the warrants issued in payment therefor are valid obligations of the district, and should be paid without further cavil or contention.

A motion to strike the additional transcript filed May 11. 1903, was submitted with the case.  The transcript shows that the records of all adjourned meetings of the special meet-

3. PRACTICE: additional abstract.   ing of March 21, 1901, were offered in evidence, and, as the additional transcript supplies a part of the record of this adjourned meeting held on the 3rd of April, which was not copied into the original transcript, the motion is overruled.

A motion to dismiss the appeal as to some of the plaintiffs and a motion to strike the record book were also submitted with the case.  The determination of the case on its merits disposes of the first, and the last is overruled.

We reach the conclusion that the judgment should be and it is AFFIRMED.