EDWARD KINNEY and JAMES TUCKER, Appellants, v. R. G. HOWARD, ADOLPH BERONIK, T. D. WHITE, L. R. HOFFMAN, and H. H. RATH, County Treasurer, Appellees.

**Schools:** RE-LOCATION OF SITE: INJUNCTION. The action of a school
1 board in relocating a school house site cannot be questioned in an injunction proceeding; the remedy for one aggrieved is by appeal to the superintendent.

**School meetings:** RECORD OF PROCEEDING. Courts will not require
2 that the records of school boards be kept in a strictly formal manner; if they show that certain action was in fact taken, though not formally expressed, they will be held sufficient. In the instant case the record is sufficient to show that the board adopted a proposition to vote a tax to build a school house which was submitted at the following annual meeting.

**School house tax:** NOTICE OF ELECTION. Code section 2746, governs
3 the question of notice to be given of school elections on the proposition to vote a tax for the erection of a school house.

**Form of ballot:** DEFECTS: PREJUDICE. Technical defects in the
4 form of a ballot prepared by the officials for a school election on the question of taxation, will not invalidate the election, unless it is shown that prejudice resulted therefrom.

**School tax:** ELECTION: RECORD. An election authorizing a school
5 house tax is not rendered invalid because no record of the same is made, since it is the vote which binds the district and it may be proven by parol.

Construction of school houses: CONTRACT: DELEGATION OF POWER.
6  The statute makes it the duty of a township school board to
   select the school house site, adopt plans for the house and
   award the contract for building, and it cannot delegate such
   power to a committee appointed by it.

*Appeal from Cedar District Court.*— HON. J. H. PRESTON,
Judge.

THURSDAY, JANUARY 17, 1907.

THIS is a suit in equity to enjoin defendants from erecting a schoolhouse, from collecting a tax claimed to have been voted for that purpose, from paying out any taxes for the building of the schoolhouse, and for other relief. Upon presentation of the petition to one of the judges of the Eighteenth judicial district of Iowa, a temporary injunction was issued as prayed. Motion to dissolve the temporary writ was overruled, defendants answered, and the case went to trial upon the merits, resulting in a decree dismissing plaintiff's petition, and plaintiffs appeal.— *Affirmed* in part, and *reversed* in part.

*Wright, Leech & Wright* and *M. J. Wade,* for appellants.

*W. G. W. Geiger* and *Chas. W. Keplar & Son,* for appellees.

DEEMER, J.— At a regular meeting of the electors of Gower school township, in Cedar county, Iowa, held on March 13, 1905, an apparent majority vote was cast in favor of building a new schoolhouse in district No. 1 and levying a tax of $800 for the purpose of meeting the cost thereof. It was also voted to locate the house at the corner of sections 3, 4, 9 and 10. There was an old schoolhouse in said district, something like three-quarters of a mile from the place where the new one was to be erected; but the board of di-

rectors, the electors concurring therein, proposed to move the site to the new location. The vote whereby these propositions were carried was one hundred for and ninety-six against. This action is to enjoin the removal of the school site and to prevent the building of the new schoolhouse.

At the outset we may as well dispose of the question of the relocation of the schoolhouse site. That was a matter for the school board of the township (Code, sections 2773, 2801), and its action cannot be questioned by injunction. The remedy for one aggrieved thereby is by appeal to the county superintendent and from him to the State Superintendent. Code, sections 2818, 2820. That an injunction will not lie in such cases, see *Ind. Dist. v. Gookin,* 72 Iowa, 387.

1. SCHOOLS: relocation of site: injunction.

But appellants contend that the proceedings resulting in the determination to build the schoolhouse and levy the tax whereby to raise the money for that purpose were erroneous, illegal, and void, and that the propositions were not carried by a majority of the legal voters of the township. The matters relied upon are so clearly stated in the brief that we quote therefrom as follows: " Plaintiffs say that the proceedings are void and without jurisdiction: (1) Because the proposition submitted was never adopted by the board of directors of said corporation, and was never ordered submitted at the meeting March 13, 1905. (2) The meeting was void, and the proceedings void, because the secretary did not post notices of the meeting as required by law. (3) There were four illegal votes cast at said meeting, more than sufficient to change the result. (4) The ballots used at said meeting were not in the form required by law. (5) There were no proceedings of the board of directors after said meeting authorizing the construction of the schoolhouse, and the board could not delegate its powers. (6) That the entire proceedings are void, because there is no record, and therefore no competent evidence thereof."

The material parts of section 2746 of the Code read as

follows: " A meeting of the voters of each school corpora-
tion shall be held annually on the second Monday in March
for the transaction of the business thereof.   Notice in writ-
ing of the ,place, day and hours during which the meeting
will be in session specifying  .  .  .  such propositions as
will be submitted to and be determined by the voters, shall
be posted by the secretary of the board in at least five public
places in said corporation for not less than ten days next
preceding the day of the meeting."   And section 2749, par-
agraph 7, of the Code, provides that the voters assembled at
the annual meeting shall have power: " (7) To vote a
school tax, not exceeding ten mills on the dollar in any one
year, for the purchase of ground, construction of school-
houses," etc.   This section further provides: " The board
may, or, upon the written request of five voters of any rural
independent district, or of ten voters of any school township,
.  .  .  shall provide in the notice for the annual meeting
for submitting any proposition authorized by law to the vot-
ers.   All propositions shall be voted upon by ballot in sub-
stantially the following form: ' Shall a change of text-
books be directed ? ' (or other question as the case may be)
and the voter shall designate his vote by writing the word
' Yes ' or ' No ' in an appropriate place on the ballot."
From these we see that the board may provide in the notice
of the annual meeting for the submission of the ·question of
voting a schoolhouse tax for the construction of a schoolhouse,
and shall cause a notice in writing of the place, day, and
hours of the meeting, specifying the propositions to be sub-
mitted to and determined by the voters, which shall be posted
by the secretary of the board in at least five public places in
the township for not less than ten days preceding the day of
the meeting.

It appears from the record of the school board of di-
rectors that at a meeting of the board held September 19,
1904, the members all being present, the following proceed-
ings were had:   " After some discussion it was decided by a

ballot of five (5) to four (4) to strike off from subdistrict No. 1, and add to No. 5, the following described territory: S. E. ¼ and S. ½ W. ¼, sec. 11, and also all of N. E. ¼ sec. 11 and sec. 12, included in Gower township. And also build a new schoolhouse in subdistrict 1; said schoolhouse to be located on corner secs. 3, 4, 9, 10, and the cost of building not to be greater than eight hundred dollars ($800). Secretary was instructed to give notice of voting tax to build said new schoolhouse at next annual meeting. R. E. Scully, Secy." Thereafter the secretary of the board prepared the following notice upon blanks furnished by the county superintendent: " Notice is hereby given to the qualified electors of the school township of Gower, in the county of Cedar, State of Iowa, that the annual meeting of said district will be held at school subdistrict No. 4, second Monday in March, 1905, at nine o'clock a. m., and closing at 12:00 o'clock m. The meeting will be open for the transaction of such business as may legally come before it, and the board has directed that the following propositions shall be submitted to be determined by the voters: Shall a tax of $800.00 be levied to build a new schoolhouse in district No. 1; schoolhouse to be located at corner of sections 3, 4, 9 and 10." This notice was signed by the secretary, dated March 1, 1905, and duplicate copies posted in six public places in the township. When the electors met for their regular annual meeting they found prepared for their use the following form of ballot:

" Ballot.

Shall a tax of $800.00 (dollars) be levied to build a new schoolhouse in district No. 1, school house to be located at corner of sections 3, 4, 9, and 10."

| | |
|---|---|
| YES | |
| NO | |

These were used, and the result was as above indicated. It appears that upon all ballots cast, save one, the voter indicated his choice by making a cross in

the square opposite the word " Yes " or " No," and upon that one the voter wrote the word " Yes " in the square opposite the printed word " Yes." A list of the electors who voted was kept by the secretary, and this showed that 196 votes were cast. The secretary kept the record of the regular corporate March, 1905, meeting upon some blank pieces of paper, which he turned over to his successor. The only record which we find of subsequent proceedings of the board of directors material to our inquiry reads as follows:

                                    March 20th, 1905.
Mr. Howard was authorized to repair schoolhouse in Dist. No. 1 in shape to hold school during spring term.

Whereas, at the annual meeting of the electors of the school township of Gower, held on March 13th, 1905, the voters levied a tax of $800 (eight hundred dollars) to build a new schoolhouse in subdistrict No. 1, the board having doubts about said election being legal, on motion of Mr. Lynch, seconded by Mr. Cahill, the following resolution was adopted: ' Resolved that, if the $800 (dollars) school-house tax levied at last annual meeting be legal, the board build a new schoolhouse in what was originally district No. 1 before last September meeting of school board held third Monday in September, 1904.'

Motion to adjourn. Carried.
                            R. E. SCULLY, *Secretary.*

                                    February 3rd, 1906.
School board met at called special meeting. President and secretary absent. House called to order by R. G. Howard and T. D. White elected temporary chairman by the following voters: L. R. Hoffman, Thos. Brick, Adolph Bronark, T. D. White, and R. G. Howard. On motion, A. G. Hoffman was elected for temporary secretary, T. D. White president pro tem., by the aforesaid board present. The following motion was offered. Motion passed: That the following be appointed to act as a building committee to see to building schoolhouse in subdistrict No. 1, Gower township, Cedar county, Iowa: R. G. Howard, L. R. Hoffman, and T. D. White. Also that said building committee be authorized to select the building spot on one of the corners

and located by the electors of Gower township at the annual meeting March 13th, 1905, and to procure title to such site, and that they be further authorized to advertise for bids for the erection of such schoolhouse building in every particular, giving them all the power such committee can exercise under the law.

A. G. HOFFMAN, <em>Secy. pro tem.</em><br>
T. D. WHITE, <em>Pres. pro tem.</em>

There seems to be no record of any meeting of the board subsequent to the voting of the tax, save those above quoted. There is no affirmative showing that the secretary certified the amount of the schoolhouse tax voted at the March meeting to the board of supervisors, as required by section 2767 of the Code; but, as plaintiffs charge that the board of supervisors at its September meeting made a tax levy of $800 upon the property of the residents of the school township, and do not allege the invalidity of the tax upon the ground that the vote was not properly certified, we shall assume that the vote was properly certified by the secretary. Plaintiffs do allege in detail the defects and omissions relied upon by them, and, as failure of the secretary to certify the amount of the tax voted at the annual election is not one of them, they are in no position now to say that the tax was not properly certified to the board of supervisors. They do aver, however, that the board of directors of the school township failed and neglected to pass any resolution to carry out the vote of the electors with reference to the construction of the schoolhouse, and did not order publication of notice for bids for the construction of the house. As we understand it, they make no claim in their petition that the tax is void because no record was kept of the proceedings of the electors at the regular March, 1905, meeting, nor do they in their petition insist that the proceedings leading up to the tax were void because the board of the school township neglected to immediately take action upon the vote of the electors. True, they make these points in argument; but, as they did not tender

the issues by proper pleading, we shall disregard them on this appeal.

It seems that plans and specifications for the new school building were submitted to the county superintendent, or, rather, prepared and approved by him, and that the building committee appointed at the February, 1906, meeting of the board caused notices of proposals for bids to be published for four weeks in two different papers published in Cedar county, Iowa, and that the notice was for the time required by statute.   One bid was received, but before it was acted upon, as the record shows, this action was commenced.   Some of the records of the meetings of the board held in the year 1905 were introduced in evidence, but are not set out in the record, so that we are not advised as to what they contain. The notice of proposal for bids reads as follows: "Proposals for the Erection of a Schoolhouse. Notice is hereby given that proposals for the erection of a schoolhouse in subdistrict No. 1 of Gower township, Cedar county, State of Iowa, will be received by the undersigned until two o'clock p. m., March 8th, 1906, at which time the contract will be awarded to the lowest responsible bidder.   Plans and specifications may be seen at the county superintendent's office in Tipton and at the West Branch State Bank.   Bids may be left at either of these places.   The committee reserves the right to reject any or all bids.   R. G. Howard, T. D. White, L. R. Hoffman, Building Committee."   Aside from the testimony as to the qualifications of the voters, this is the record upon which the decision of the case must turn.

The first point is that the school board did not, at its September, 1904, meeting, adopt the proposition which was submitted to the electors.   It is true that the record of this meeting is somewhat informal, as is generally the case where the secretary is without long experience and has little technical knowledge regarding parliamentary procedure.   But we think it sufficiently appears that the board decided to propose to the

2. SCHOOL
MEETINGS:
record of
proceedings.

electors the voting of a schoolhouse tax to erect a building costing not more than $800. In other words, it was proposing to the electors the voting of a schoolhouse tax not exceeding $800 for a new schoolhouse in subdistrict No. 1, and pursuant to statute the board directed the secretary to include this matter in the notice of the annual meeting. Too strict rules should not be adopted with reference to records of the proceedings of school boards. They are usually kept by persons not versed in the law, and are generally quite informal in character. If they show the action in fact taken, although not conventionally or formally expressed, they should be held sufficient. It is the duty of the secretary to post the notices, and this was done by him in this case. The board was not delegating any power to the secretary, except to give notice of the proposition to vote a tax to build the new schoolhouse. This was authorized by the statutes already quoted. The proposition was to vote a tax to build the schoolhouse, and not a tax for part of the amount required to build it, as appelants contend. The record of this initial meeting is sufficiently definite to answer the requirements.

It is said that no legal notice was given, because the posting was not as required by statute. Plaintiffs rely upon section 2763, which provides for giving notices of all meetings of voters. We are perplexed to know to what this section applies, and it is evident that the Legislature has discovered the trouble, for the Thirty-First General Assembly, by chapter 138, of the Acts thereof, repealed the section. Certain it is that it does not apply to such propositions as were here presented to the electors; for that is specifically covered by section 2746, before quoted. Section 2763 may have referred to special meetings of the electors, or to meetings of the electors of independent districts; but, whatever the truth in this regard, it does not apply to this case. See *Goerdt v. Trumm,* 118 Iowa, 207.

**3. SCHOOL HOUSE TAX: notice of election.**

As to the form of ballot used, the statute says that the voter shall designate his vote by writing the word "Yes" or "No" in an appropriate place on the ballot. The form prepared for the electors did not strictly follow the law, in that the words "Yes" and "No" were printed upon the ballots and the voter was to indicate his choice by a mark in the square. No one, unless it be a single person, was deceived by the form of ballot, and he had no difficulty in using it so as to express his choice. These ballots were prepared by the officials of the school township, and not by the electors, and, so long as none of the voters were misled thereby, technical defects in the form of the ballots should be disregarded. This part of the statute should be regarded as directory only. Notices were posted at the place of meeting, directing the manner of voting by marking crosses in the squares, and, as this follows the custom now and for a long time prevailing at general elections in this State, no one could have been deceived by the form of ballot used. Where mistakes of officials, and not of electors, are relied upon, prejudice must be shown in order to defeat an election fairly held. *State v. Bernholtz,* 106 Iowa, 157; *Cook v. Fisher,* 100 Iowa, 31. There is another case bearing upon this proposition which neither counsel nor we have been able to find; but it holds that there was no such defect in the ballot used as to defeat the election. The departure from the statute in that case was much greater than in this one.

4. FORM OF BALLOT: defects: prejudice.

There is no record of the annual meeting of the electors before us; but, for reasons already stated, we must assume that the secretary did his duty and certified the amount of the school tax voted at this meeting to the board of supervisors, as provided in section 2767 of the Code. The electors authorized this tax by a vote which was properly canvassed by the judges of election and which was duly certified by the secretary of the district. The board had already determined to

5. SCHOOL TAX: election: record.

erect the schoolhouse, provided it could get the approval of the electors to do so, and that they would vote a tax for that purpose. After getting this vote and certifying the tax, nothing remained to be done except to proceed with the erection of the building. It is provided by section 2778 of the Code, as amended by Acts 28th General Assembly, ch. 107, that the board of directors shall carry into effect any instructions from the annual meeting upon matters within the control of the voters and make all contracts necessary or proper for exercising the powers granted. Having determined upon the erection of the schoolhouse, the vote of the electors was required, and that vote, and not the record thereof, was binding upon the district. And when no record is made it may be proved by parol testimony. *German Co. v. Ind. Dist.,* 80 Fed. 336 (25 C. C. A. 492).

But it is said that the board, and the board alone, had authority to contract for the schoolhouse; that it, and it alone, can determine upon the plans and specifications; that it, and no one else, can settle the price to be paid for land upon which the schoolhouse is to be built; and that it alone can locate the site of the schoolhouse, that none of these powers can be delegated, and that at the meeting of February 3, 1906, it attempted to delegate each and all of these powers. These propositions do not go to the validity of the tax, nor do they in any way affect the action of the board in locating the schoolhouse and in determining to build the same. They relate to the details of letting the contract, etc. The plans for the schoolhouse were submitted to the county superintendent and fully approved by him, as provided in section 2779 of the Code, so that the only question here is, may the board delegate to a committee the power to select and procure title to a building spot, to advertise for bids for the erection of a schoolhouse, to act as a building committee, and to see to the erection and completion of the building? While it is a general rule that power conferred upon a public

6. CONSTRUCTION OF SCHOOL HOUSES: contracts: delegation of power.

board or body cannot be delegated, yet a public corporation or municipality or instrumentality of government may, like a private corporation or person, do its ministerial work by agents or committees. *Holland v. State,* 23 Fla. 123 (1 South. 521); *Burlington v. Dennison,* 42 N. J. Law, 165; *Damon v. Inhabitants,* 2 Pick. (Mass.) 345; *Gregory v. Bridgeport,* 41 Conn. 76 (19 Am. Rep. 458); *Young v. County,* 66 Iowa, 460. Where the act to be done involves judgment or discretion, it cannot be delegated to ·an agent or committee. Mechem on Public Officers, sections 567, 568, and cases cited; *Abrams v. Ervin,* 9 Iowa, 87. Thus it has been held that the time and manner of constructing sidewalks, and of constructing or repairing a pier, of deciding upon and purchasing a school or market site, of regulating the bridging of public streams, and other like matters, cannot be delegated. *Birdsall v. Clark,* 73 N. Y. 73 (29 Am. Rep. 105); *Thomson v. City,* 61 Mo. 282; *Matthews v. City,* 68 Mo. 115 (30 Am. Rep. 776); *Lord v. Oconto,* 47 Wis. 386, (2 N. W. 785); *Lauenstein v. Fond du Lac,* 28 Wis. 336; *State v. Paterson,* 34 N. J. Law, 167; *Maxwell v. Bay City Co.,* 41 Mich. 453 (2 N. W. 639).

The statute made it the duty of the school board to select the site, adopt the plans for the schoolhouse, and award the contract for the building thereof, and these powers it could not delegate. The committee appointed by it had no authority in the premises, and it should have been enjoined from doing these things. After the contract was let no doubt the superintendence of the construction of the building could have been delegated. It is not enough to say that the board in session might have ratified the doings of its committee in the premises. This is presuming an act which the defendants have not undertaken as yet to perform, and there is no evidence that they intend to do so. Indeed, they could not well bind all the members or the district by saying that in the future they would as a board ratify these transactions. The delegation of power contained in

the resolution of February, 1906, except as it related to merely ministerial duties, was unauthorized and invalid. The court should have enjoined the execution of the contract on March 8, 1906, the time set for the award thereof by the committee. See, as further sustaining these conclusions, *McCrowell v. Bristol,* 89 Va. 652 (16 S. E. 867, 20 L. R. A. 653); *St. Louis v. Russell,* 116 Mo. 248 (22 S. W. 470, 20 L. R. A. 721), and extensive notes.

The only other point in the case is the claim that sufficient illegal votes were cast to destroy the apparent majority of four in favor of the propositions submitted. Women are expressly permitted to vote upon such propositions. Code, section 2747. But, save for sex, they must have the same qualifications as men. One woman voted who was under twenty-one years of age, and her vote was, of course, illegal. It is claimed that three other voters were not residents of the township at the time the election was held. This depends upon the testimony, not only as to residence, but also as to intent. The law in such matters is well settled. As to one of these, Robert Howard, Jr., we think he was a nonresident of the township at the time he voted; but as to the other two we are convinced that they were voters and had not, within the meaning of the law, changed their residence at the time they voted. The result is that but two illegal votes were cast. This is not sufficient to disturb the election.

The result of the whole matter is that the election voting the tax was valid, the certification thereof to the board of supervisors legal, or at least not attacked, the tax levied pursuant thereto valid and enforceable, and the change of location of the schoolhouse regular, or at least not subject to attack in this proceeding. But the action of the board in appointing a committee to select and procure the site for the new schoolhouse, in adopting the plans for the schoolhouse, and in attempting to award the contract for the construction thereof, were illegal and without authority of law, and de-

fendants should have been enjoined from entering into the contract for the erection of the schoolhouse at the place selected by them, or at any other place not selected by the school board, and from in any manner, as a committee, participating in the making of a contract for the erection of the schoolhouse. The cause will be remanded for a decree. in harmony with this opinion, and each party will pay one-half of the costs of this appeal.

    *Affirmed* in part, and *reversed* in part.