674

STATE OF IOWA, appellee, v. ALLEN A. JOHNSTON, appellant.

No. 50482.

FEBRUARY 6, 1962.

Elson & Strand, Charles L. Elson, of Leon, for appellant.

Evan Hultman, Attorney General, Richard W. Baskerville, Assistant Attorney General, and James Cothern, Clarke County Attorney, for appellee.

THORNTON, J.—Defendant was convicted of driving while his operator's license was suspended in violation of section 321A.32, Code of Iowa, 1958. He appeals, urging two propositions for reversal.

I.   Defendant contends evidence offered by him was erroneously excluded. The evidence was an agreement, known in the record as Exhibit 3, wherein defendant agreed to pay in installments a sum in settlement of damages arising out of a motor-vehicle collision to an insurance company and its insured, and an offer to show certain of the installments were paid before the insurance company notified the Commissioner of Public Safety of default and before his operator's license was suspended.

This evidence would show the suspension was erroneous. Section 321A.2, subsection 1, Code of Iowa, 1958, provides for a hearing on the request of persons aggrieved by orders or

acts of the commissioner under the provisions of sections 321A.4 to 321A.11 inclusive. These sections authorize the commissioner to suspend an operator's license under the circumstances shown here. The purported suspension here is pursuant to section 321A.6. Subsection 2 of section 321A.2 provides for a summary hearing de novo in the district court; a stay of the commissioner's action may be granted pending final determination. The offered evidence would have been admissible in the hearing provided in section 321A.2. The determination of the commissioner is subject to a direct attack as provided in section 321A.2, but is not subject to a collateral attack in a criminal case based on the commissioner's determination. Such evidence is neither material nor relevant on whether or not the defendant is driving while his license is suspended. Defendant contends the evidence is admissible because the State offered evidence of part of the transaction by offering the notice of suspension. Actually the certified copy of the notice is offered to show the commissioner did act and what that action was. The excluded evidence is not a part of that transaction, but is merely a basis or lack of a basis for the commissioner's action. The rule contended for by appellant is subject to the limitation the offered proof must be confined to those matters only which are the subject matter of the present inquiry or investigation. See State v. De Paola, 5 N. J. 1, 73 A.2d 564; and Wigmore's Code of Evidence, Third Ed., rule 188(1), page 376.

II. Defendant contends chapter 321A, Code of Iowa, 1958, requires the commissioner to suspend an operator's license; there was no showing here the commissioner did suspend the license; and the instruction required the State to prove defendant's driver's license was suspended or revoked by the Department of Public Safety.

Defendant was charged with operating a motor vehicle on the public highway while his license was under suspension in violation of section 321A.32, Code of Iowa, 1958. Section 321A.32 provides, in part:

"Any person whose license or registration or nonresident's operating privilege has been suspended, denied or revoked under this chapter or continues to remain suspended or revoked

under this chapter, and who, * * * drives any motor vehicle upon any highway * * *, shall be fined * * *."

■■ The commissioner referred to in chapter 321A, Code of Iowa, 1958, is the Commissioner of Public Safety of this State. Section 321A.1. Section 321A.2 provides the commissioner or his duly authorized agent may hold hearings upon the request of persons aggrieved by orders or acts of the commissioner. Section 321A.2 also provides the commissioner shall administer and enforce the chapter. The authority and power to suspend an operator's. license is given only to the commissioner throughout the chapter, a deputy or agent is not mentioned except in section 321A.2 as pointed out.

The power of the authorized agent to hold hearings, administer oaths, and issue subpoenas granted in section 321A.2 necessarily implies the power to decide the question at issue. The ultimate questions to be determined in such hearings arise under sections 321A.4 to 321A.11 inclusive, and relate to necessity for, and amount of security to be furnished, and the suspension of operators' licenses and registrations. The authorized agent is empowered to decide such questions. The same questions are involved in the initial action required of the commissioner. The authorization given by the legislature in section 321A.2 to authorized agents of the commissioner is a sufficient expression on the part of the legislature that it was the intent that such agents should exercise the same power where the necessity arises therefor throughout the chapter.

Only such officers as are authorized by statute have the power to revoke or suspend an operator's license. 60 C. J. S., Motor Vehicles, section 160(c), page 489, citing Sleeper v. Woodmansee, 11 Cal. App.2d 595, 54 P.2d 519; State v. Cooper, 224 N. C. 100, 29 S.E.2d 18; and Ashcraft v. State, 68 Okla. Cr. 308, 98 P.2d 60. These authorities relate to judicial officers rather than deputies or agents.

An officer may not delegate to an agent power to do an act required by statute involving judgment and discretion unless authorized by statute. Thede v. Thornburg, 207 Iowa 639, 645, 223 N.W. 386; and Kinney v. Howard, 133 Iowa 94, 105, 110 N.W. 282.

Both the commissioner and his authorized agents are granted the power to perform the duties placed on the commissioner in sections 321A.4 to 321A.11 inclusive.

To prove the crime charged here it is necessary for the State to prove defendant's license was suspended by the commissioner or his duly authorized agent. The evidence submitted in fact did not prove anyone suspended defendant's driver's license. The State offered in evidence a certified copy of a "NOTICE OF SECURITY REQUIREMENT OR SUSPENSION" addressed to the defendant. At the top of the notice is the Seal of the Department of Public Safety, below the Seal, the following appear in order: "State of Iowa, Department of Public Safety, Safety Responsibility Division." In the body of the notice the defendant is informed the action is taken pursuant to section 321A.7, subsection 3, Code of Iowa, 1954, and notifies him unless security in the sum of $274.31 is deposited with the commissioner his operator's license and registration certificate and plates are suspended as of October 23, 1959. It is dated at Des Moines, Iowa, October 23, 1959, on the lower left-hand side. On the lower right-hand side the following appears: "Safety Responsibility Division Compliance and Prosecution Section." There is no signature of any kind. Nor is there any testimony the original served on the defendant was signed by anyone. If the notice placed in evidence was signed by the commissioner or his duly authorized agent the evidence of suspension would be sufficient. In the case of a duly authorized agent, a certified copy of the authorization showing the general authority of the agent would be necessary.

█ It follows the instruction requiring the State to prove the defendant's driver's license was suspended by the Department of Public Safety was in error. The department and members thereof are authorized to suspend operator's licenses under chapter 321, Code of Iowa, 1958, and by section 2, chapter 222, Acts of the Fifty-eighth General Assembly, but not under chapter 321A, Code of Iowa, 1958.

█ The State claims defendant's answer of "yes" to the following question supplies the necessary proof. The question was, "Mr. Johnston, were you aware that you were not supposed

to drive on our highways at the time?" This knowledge does not necessarily make the defendant guilty of the crime charged. See State v. Sonderleiter, 251 Iowa 106, 99 N.W.2d 393.

The State also contends the commissioner is presumed to have performed his official duty. This may be true, but this record is devoid of any duty cast on him. The only evidence giving rise to action by the commissioner is contained in the letter from the insurance company to the department excluded from evidence on objection by the State. In Battani v. Grund, 244 Iowa 623, 56 N.W.2d 166, cited by the State, the magistrate actually signed the warrant issued, and the reference to the presumption of the public official performing his duty was in regard to the filing of the information.

The evidence being insufficient to sustain a conviction of the crime charged, defendant's motion for a directed verdict should have been sustained, and defendant discharged.—Reversed.

All JUSTICES concur.